| 85 | 469 |
| 39a | 635 |
| 85 | 469 |
| 114 | 166 |

## In re Garesche.

**Constitution :** ST. LOUIS COURT OF APPEALS : TRANSFER OF CAUSES TO SUPREME COURT. The general assembly was authorized, by virtue of the amendment to the constitution of 1884, concerning the judicial department, to transfer to the Supreme Court from the St. Louis court of appeals all causes pending in the latter court on January 1, 1885, and which were subject to final review in the Supreme Court.

*Mandamus.*

WRIT DENIED.

*R. A. Bakewell* for petitioner.

In re Garesche.

*A. R. Taylor* for respondent.

BLACK, J.—By article six, section twelve, of the constitution of 1875, the St. Louis court of appeals had conferred upon it appellate jurisdiction co-extensive with a defined and limited territory. This court was given appellate jurisdiction from that court in certain classes of cases, among which are "in all cases where the amount in dispute, exclusive of costs, exceeds the sum of two thousand five hundred dollars." Thus the matter stood until the adoption of the constitutional amendment in November, 1884, by which the jurisdiction of that court was extended territorially to a number of additional counties. There was also thereby created the Kansas city court of appeals with jurisdiction over the remainder of the counties in the state. This constitutional amendment provided for the transfer of causes pending in the Supreme Court to the Kansas City court of appeals. The third section also gave to the general assembly power to create one additional court of appeals with a new district to be carved out of the others and power "to change the limits of the appellate districts * * * to increase or diminish the pecuniary limits of the jurisdiction of the courts of appeals ; to provide for the transfer of causes from one court of appeals to another court of appeals; to provide for the transfer of cases from a court of appeals to the Supreme Court." As to those cases pending in the St. Louis court of appeals at the time of the adoption of the amendment that court, in the absence of any further legislation, would proceed to a determination and this court would entertain appellate jurisdiction therefrom as before.

The power of the general assembly to transfer causes from one court to another may be conceded to be confined to such actions as the courts to which the transfer should be made have jurisdiction by the then existing law. It may be further conceded that this

power extends to cases which, for some reason, get to one court when they should be in another; and to the necessities of the case which may arise when there shall be a change in the districts or in the pecuniary limits of the jurisdiction of the courts of appeals, but it does not follow that these are the only instances in which the power to make transfers of causes may be exercised by the legislative department of the government. The act of March 4, 1885, transfers from the St. Louis court of appeals to this court causes which come within the final jurisdiction of this court and no others; instead of leaving them there with the power of review in this court the act at once brings them here. It does not appear to be contended that the act violates any express provision of the constitution but the claim would seem to be that it is in conflict with the spirit and purpose of the amendment of 1884. That amendment created a system of appeal courts. Their judgments are made final in all cases of which they have jurisdiction, with an exception in those cases where one of the judges shall deem a decision contrary to any former decision of any of said courts, or of the Supreme Court. A manifest purpose had in view by the amendment was to avoid the expense and delay of so many appellate tribunals and to make each of them final so far as was practicable.

The power to transfer causes from a court of appeals to this court is given to the legislature in broad and unqualified language. The only limit which can be fairly placed upon it is that before conceded, for all the purposes of this case. To my mind the recent act of the general assembly is not only warranted by the power reserved to the legislature by the constitutional amendment, but is in keeping and harmony with the purpose and object of that amendment. The case, which, by this proceeding, it is sought to require the court of appeals to proceed and hear, is one of which this court would have jurisdiction, and comes clearly within the act of March 4, 1885. That act is clearly constitutional. The

writ of mandamus should be denied. Norton and Sherwood, JJ., concur. Henry, C. J., and Ray, J., dissent.