AUGUSTA SCHUSTER, Respondent, v. JOSEPH WEISS
*et al.*, Appellants.

### St. Louis Court of Appeals, March 4, 1890.

**Jurisdiction:** APPELLATE. Whenever the record in any case fairly presents a constitutional question, it is the duty of this court to certify the cause to the supreme court, although this court may be of opinion that the question is without merit.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

*Transferred to Supreme Court.*

*John W. Collins*, for the appellants.

*Eber Peacock*, for the respondent.

BIGGS, J., delivered the opinion of the court.

This action is prosecuted against the defendants, as sureties for one Joseph Schuster. The plaintiff instituted, in the circuit court of the city of St. Louis, a suit in ejectment against Schuster, and recovered judgment against him for the possession of certain real estate sued for. Schuster appealed the case to this court and for the purpose of securing a *supersedeas*, he as principal, with the defendants herein as sureties, executed the appeal bond, which forms the basis of this action. The conditions of the bond are as follows: " Now if said appellant shall prosecute his appeal with due diligence to a decision in the St. Louis Court of Appeals and shall perform such judgment as shall be given by the St. Louis Court of Appeals, or by the supreme court of the state of Missouri, in the event of an appeal thereto, or such judgment as the St. Louis Court of

Appeals or said supreme court, in the event of an appeal, as aforesaid may direct the circuit court, city of St. Louis, to give, and, if the judgment or any part thereof be affirmed, will comply with and perform the same so far as it may be affirmed and pay all damages and costs which may be awarded against him by the St. Louis Court of Appeals, or said supreme court in case of an appeal as aforesaid, and shall pay all damages and accruing rents and profits, and shall stay waste pending said appeal, then this obligation shall be void, otherwise to remain in full force and effect.''

While the ejectment suit was pending in this court, to-wit, March 4, 1885, the legislature, acting under the powers conferred by the constitutional amendment adopted November 4, 1884, passed the following law containing the emergency clause, to-wit : ''Sec. 1. All cases which were pending in the St. Louis Court of Appeals, on the first day of January, 1885, and which shall not have been disposed of at the time when this act shall go into effect, and which, by the terms of the constitutional amendment adopted on the fourth day of November, 1884, would come within the final appellate jurisdiction of the supreme court, shall be certified and transferred to the supreme court, to be heard and determined by said court.'' Session Acts, 1885, page 113. In pursuance of this law, the ejectment suit was, by this court, transferred to the supreme court, where the judgment of the circuit court was affirmed.

The chief defense, made to the present action, is that the transfer of the ejectment suit to the supreme court without a hearing and judgment in this court, varied and changed the liability of defendants as sureties on the appeal bond, and necessarily resulted in their discharge.

That the transfer of the ejectment suit was expressly authorized by the plain letter of the statute cannot be questioned, and if the change in respect of the disposition of the suit in the appellate courts had the effect to

change or impair the contract of the sureties in the appeal bond, so as to work their discharge, such result must be attributed solely to the invalidity of the law. The discussion by us of this question would necessarily lead to the consideration of the statute from a constitutional standpoint, which we are precluded from doing. *State ex rel. Campbell v. St. Louis Court of Appeals*, 97 Mo. 276. Whenever the record in any case fairly presents a constitutional question, it is made our duty to certify the case to the supreme court, although we may be of the opinion that the question is without merit.

The supreme court has held that the statute in question was constitutional, in so far as litigants were concerned (*In re Garesché*, 85 Mo. 469), but that court has never, to our knowledge, passed on the question in a case where the rights and liabilities of sureties on appeal bonds were in judgment.

It is, therefore, ordered that the clerk send the transcript in this case, with a certified copy of this order, to the supreme court, as provided by the act of March 18, 1885. (Session Acts, 1885, page 121.) All the judges concur.