STATE OF MISSOURI at the Relation of THE NASHVILLE, CHATTANOOGA & ST. LOUIS RAILWAY, a Corporation, Relator, v. ROBERT W. HALL and FRANK LANDWEHR, Judges of the Circuit Court of the City of St. Louis.—88 S. W. (2d) 342.

Court en Banc, November 25, 1935.

*Barker, Durham & Drury* and *David J. Tompkins* for Nashville, Chattanooga & St. Louis Railway Company.

1230

LEEDY, J.—Prohibition to restrain respondent judges from entertaining further jurisdiction in an action brought in the Circuit Court of the City of St. Louis by one John W. Cannon, a resident of Tennessee, as plaintiff, and against relator as defendant, wherein plaintiff seeks to recover damages for personal injuries alleged to have been sustained while a passenger on one of relator's trains in the State of Tennessee. Relator here, by motion to quash the sheriff's return (appearing specially and for the limited purpose thereof), challenged the jurisdiction of the Circuit Court of the City of St. Louis over its person, and upon that motion being overruled, applied to this court for a writ of prohibition. Our preliminary rule issued, to which respondents made return, admitting, either expressly or by failure to deny, all the facts pleaded in relator's petition. The return also sets up a memorandum made and filed in said cause by one of the respondents, Judge Hall, setting forth his reasons for overruling the pleading challenging respondents' jurisdiction. Upon the filing of such return, relator filed a motion for judgment on the pleadings. The facts are not in dispute, and the issue is one of law. We have not been favored with a brief on behalf of respondents.

Under the pleadings, it stands admitted that relator is a Tennessee railroad corporation, and that its tracks and lines of railway are located in the states of Tennessee, Kentucky, Alabama and Georgia, and its railway system is operated wholly within those states, in which it engages in the transportation of freight and passengers in interstate commerce. No part of its railway runs into, through or traverses any part of the State of Missouri; it does not operate any engines, tracks or cars in the State of Missouri; it has never been admitted to do business in Missouri, nor has it consented to be sued therein, nor has it ever done any business in the State of Missouri, other than soliciting freight and passenger traffic for transportation in interstate commerce over its lines in other states, and for that limited purpose maintains an office in St. Louis. At the time in controversy, one J. V. McCarty, an agent of relator, was in charge of said office.

Summons was issued in said cause, to which the sheriff of the city of St. Louis made return (omitting signatures) as follows:

"Served this writ in the City of St. Louis, Missouri, on the within named defendant, the Nashville, Chattanooga & St. Louis Railway (a corporation), this 18 day of Mar., 1933, by delivering a copy of the writ and petition as furnished by the Clerk to J. V. McCarty, Genl. Agt. of the said defendant corporation, he being in said defendant's usual business office and in charge thereof. The president or other chief officer of said defendant could not be found in the City of St. Louis at the time of service.''

Section 728, Revised Statutes 1929 (Sec. 728, Mo. Stat. Ann., p. 947), specifying the manner and conditions under which personal service of summons · may be obtained upon a foreign corporation; provides: "Where the defendant is a corporation . . . organized under the laws of any ·other state . . . and having an office and doing business in this state," a summons shall be executed "by delivering a copy of the writ and petition to any officer or agent ,of such corporation or company in charge .of any office or place of business .. . . and when had in conformity with this subdivision, shall. be deemed personal service against such corporation and authorize the rendition ,of a general judgment against it."

Relator relies on and invokes here, as it did in the court below, Section 8, Article I of the Constitution of the ·United States, and Section 1 of the Fourteenth Amendment, as defeating the· jurisdiction of the circuit court, and also attempts to ,raise the constitutionality of Section 728, supra, because violative of the same provisions. The latter question may be brushed aside as not necessary .to a decision of the· case. The real, and what amounts to the sole question, in this case grows out of respondents' contention with respect to the return of the sheriff. Their averments in that connection being:

"Respondents further state that said return of the Sheriff is regular on its ,face and sufficient in all things, and that by virtue of said return these relators have acquired and are entitled to retain jurisdiction of said cause and proceed with the same to a trial and final adjudication."

· The memorandum referred to shows that the judge, in overruling relator's amended motion to quash, did so "without prejudice," and on the theory that a "motion to quash certainly cannot reach a return which is regular on its ·face," and so remitted relator · to its remedy of coupling its plea to the jurisdiction in an answer on the merits of the case, the approved practice. [Newcomb v. Railroad, 182 Mo. 687, 81 S. W. 1069, and cases cited.] In view of the admitted facts touching relator's status as a foreign corporation, not licensed to do, and not doing, business in this State, as more particularly outlined above, we deem it unnecessary to examine into

the question of the asserted conclusiveness of the sheriff's return. It is clear it cannot stand in the light of such admitted facts.

The case at bar comes squarely within the rule announced in State ex rel. v. Rutledge, 331 Mo. 1015, 56 S. W. (2d) 28, wherein, under a return in terms identically like the one now before us, it was said: "Thus a foreign corporation becomes amendable to personal service only if it is doing business within this State and the validity of the service under which the circuit court claims to have acquired jurisdiction in this attachment suit depends upon whether, as a matter of fact, the railways company was doing business within this State in such a manner and to such an extent as to warrant the inference that through its agents it was present within this State and subject to the service of process here. [Green v. Chicago, Burlington & Quincy Ry. Co., 205 U. S. 530, 27 Sup. Ct. 595, 51 L. Ed. 916.] The question whether the railways company was doing business within this State is 'not one of local law or of statutory construction,' but is 'one of due process of law, under the Constitution of the United States.' [Hall v. Wilder Mfg. Co., 316 Mo. 812, 293 S. W. 760, 762, 52 A. L. R. 723.] The following was quoted with approval in the Hall case, supra: ' "Whether such a corporation (a foreign corporation) is doing business in the State is a question of jurisdiction, and in its last analysis it is one of due process of law, under the Constitution of the United States." [North Wisconsin Cattle Co. v. Oregon Short Line Co., 105 Minn. 198, 205, 117 N. W. l. c. 392.] "But it is only when the foreign corporation is doing business in the State that service may be made upon its agent, and in connection with questions of jurisdiction it is held that what is 'doing business' is a question of due process of law under the Federal Constitution. [Grant v. Cananea, etc., Co., 117 App. Div. 576, 102 N. Y. Supp. 642; Conley v. Mathiesen Alkali Works, 190 U. S. 406, 23 Sup. Ct. 728, 47 L. Ed. 1113." Wold v. J. B. Colt Co., 102 Minn. 386, 114 N. W. 243.]' "

Furthermore, we are bound by the rulings of the Supreme Court of the United States, which deny the right to apply a local rule of practice so as to defeat the plain assertion of a Federal right, such as in the case at bar, which is secured under the Constitution. Illustrative of that doctrine is Davis, Director General, v. Wechsler, 263 U. S. 22, which was a proceeding by certiorari to the Kansas City Court of Appeals, wherein it was held: "The state courts may deal with that (a rule of practice) as they think proper in local matters but they cannot treat it as defeating a plain assertion of Federal right. . . . If the Constitution and laws of the United States are to be enforced, this court cannot accept as final the decision of the State tribunal as to what are the facts alleged to give rise or to bar the assertion of it even upon local grounds. [Creswill v. Grand Lodge Knights of Pythias, 225 U. S. 246.] This is familiar as to the sub-

stantive law and for the same reasons it is necessary to see that local practice shall not be allowed to put unreasonable obstacles in the way. See American Ry. Express Co. v. Levee, decided this day, ante, 19." [See, also, Michigan Central Railroad Co. v. Mix, 278 U. S. 492, 73 L. Ed. 470.]

It follows that our preliminary rule is prohibition should be made absolute, and it is so ordered. All concur.