**Richard H. MORROW and Pearl Morrow, his wife, Plaintiffs-Respondents,**

v.

**CALORIC APPLIANCE CORPORATION, a corporation, Defendant-Appellant.**

No. 8137.

Springfield Court of Appeals.

Missouri.

Dec. 5, 1962.

Blanton & Blanton, Sikeston, for defendant-appellant.

W. Clifton Banta, Charleston, for plaintiffs-respondents.

STONE, Judge.

This is an action for property damage (i. e., for the loss of furniture, household goods, clothing and other personalty) sustained on August 18, 1959, when a dwelling house occupied by plaintiffs and their children was destroyed by fire alleged to have been caused "by a malfunctioning or explosion of a Caloric gas range" which had been installed in the kitchen of that house on or about August 7, 1959. In their petition filed on June 29, 1960, plaintiffs sought to recover damages of $9,500 from three defendants jointly, i. e., (1) from the range manufacturer, Caloric Appliance Corporation (hereinafter referred to as Caloric), identified in the petition as a Pennsylvania corporation "doing business in the State of Missouri," (2) from the range distributor, Uregas Distributors, Inc., a Missouri corporation, and (3) from H. L. Lewis d/b/a Lewis Furniture and Gas Company, who sold and installed the range. Defendant Uregas purchased its peace, took

a covenant not to sue from plaintiffs, and was dismissed with prejudice before trial. "Defendant Lewis was dropped because of improper venue," according to the statement of facts in Caloric's brief which is adopted in plaintiffs' brief. (Lewis, who testified as a witness for plaintiffs, agreed on cross-examination that "they never did get proper service" on him.) Defendant Caloric's motions to quash the sheriff's return and to dismiss the cause as to it for want of jurisdiction (of which we shall have more to say anon) having been overruled, plaintiffs proceeded to trial against Caloric alone, submitted their case on the theory of breach of an implied warranty of fitness, and obtained a jury verdict for $3,750. Following an unavailing after-trial motion (a) to set aside the verdict and judgment entered thereon and to enter judgment for Caloric in accordance with its motion for a directed verdict at the close of all the evidence and (b) in the alternative for a new trial [Rule 72.02; Sec. 510.290], Caloric appeals. (All references to rules are to Supreme Court Rules of Civil Procedure, V.A.M.R., and all references to statutes are to RSMo 1959, V.A.M.S.)

■ The appeal was taken to this court, and opposing counsel have briefed and argued the case on the premise that we have appellate jurisdiction because of the amount involved. Section 477.040. However, appellate jurisdiction may not be conferred by waiver, acquiescence or even express consent [Taney County v. Addington, Mo.App., 296 S.W.2d 129(1); Collier v. Smith, Mo.App., 292 S.W.2d 627, 630–631 (4), and cases cited in footnote 8]; and, in the discharge of our obligation to inquire into and determine our jurisdiction, sua sponte, even though it be not challenged by the parties [Hammonds v. Hammonds, Mo.App., 289 S.W.2d 903, 904(1), and cases cited in footnote 1; Johnson v. Woodard, Mo.App., 343 S.W.2d 646, 648 (1); Domyan v. Dornin, Mo.App., 348 S.W.2d 360, 361], we cannot ignore the obvious fact that, as we shall explain and elaborate, the initial question preserved

and presented upon this appeal is a constitutional question involving due process of law under the Fourteenth Amendment to the Constitution of the United States [Collar v. Peninsular Gas Co., Mo., 295 S.W.2d 88, 89(1); Wooster v. Trimont Mfg. Co., 356 Mo. 682, 683, 203 S.W.2d 411, 412(1)], by reason of which our Supreme Court is invested with exclusive appellate jurisdiction of this appeal. Art. V, Sec. 3, Const. of Missouri, 2 V.A.M.S.

■ In the first paragraph of their petition, plaintiffs alleged that Caloric was "a corporation duly organized and existing under the laws of the State of Pennsylvania and doing business in the State of Missouri and authorized to be sued as such." The *original* return of the Sheriff of St. Louis County, Missouri, purporting to reflect service upon Caloric [see Rule 54.06(c); Sec. 506.150(3)], was: "I hereby certify that I have served the within summons in the County of St. Louis, State of Missouri by delivering, on the 15th day of July, 1960, a copy of the summons and a copy of the petition as furnished by the Clerk to Walter L. Vocke, *Registered* Agent of the within-named corporation." (All emphasis herein is ours.) Subsequently, the Sheriff of St. Louis County by leave of court filed an *amended* return which differed from the *original* return in only one particular, to wit, in that the word *"Registered"* was omitted thus designating Vocke simply as "Agent" of Caloric.

To this amended return, Caloric appeared specially and filed its motions to quash the summons and the return of service thereon and to dismiss the cause. In substance, these motions averred that Caloric was "a non-resident corporation" which had not "at any time pertinent to the issues of (plaintiffs') alleged cause of action carried on, transacted or handled any business so as to subject it to the jurisdiction of the courts of the State of Missouri"; that it had neither applied for nor been granted authorization to do business in Missouri; that "it (had) not at any time maintained

a place of business in St. Louis County, Missouri, or elsewhere in the State of Missouri, such as would constitute a basis of jurisdiction in the courts" of Missouri; that Vocke "at the time of the alleged service was not the Registered Agent (or) an Agent" of Caloric; and "that for this court to assert jurisdiction over this said defendant in this said cause would be and constitute a violation of this said defendant's right to due process of law as provided for and preserved, to-wit, by the Fourteenth Amendment of the Constitution of the United States and by the Constitution of the State of Missouri." At a hearing on these motions held on November 12, 1960, Vocke appeared in person and was examined and cross-examined at length, and counsel introduced in evidence a certificate by the Secretary of State that Caloric was not licensed or authorized to do business in the State of Missouri. Taken under advisement at the conclusion of this hearing, the motions eventually were overruled on April 27, 1961.

In the preliminary recitals of its answer thereafter filed, Caloric carefully stated that it was "limiting its appearance specifically and without submitting itself to the jurisdiction of this said court, and without waiving its objection to the jurisdiction of this said court over this said defendant, as set out in motions heretofore filed herein, which said motions are incorporated herein by reference the same as if specifically herein set out"; and, in the first numbered paragraph of its answer, Caloric admitted that it was a corporation but denied "that it has been or is doing business in the State of Missouri" and "that it is authorized to be sued in the State of Missouri as alleged in Paragraph 1" of plaintiffs' petition.

Immediately before entering upon trial of the case on January 4, 1962, Caloric's counsel stated, in part, that "I want to again renew my motion to dismiss . . . on the grounds of the motion heretofore filed that the courts of the State of Missouri do not have any basis of asserting jurisdiction over the Caloric Appliance Corporation

and that no proper service was had on the corporation, that the corporation is not licensed in the State of Missouri and has not participated in or carried on business within the State of Missouri within the meaning of the cases and the law, etc." The first ground in Caloric's motions for a directed verdict at the close of plaintiffs' case and at the close of all the evidence again denied the jurisdiction of the court over the person of Caloric. And, more importantly, in the first point in Caloric's after-trial motion to set aside the verdict and judgment and for entry of judgment in accordance with its motion for directed verdict at the close of all the evidence or, in the alternative, for a new trial [see Rule 72.02; Sec. 510.290], Caloric incorporated by reference, as is permissible and proper in our civil procedure [Rule 55.14; Sec. 509.130], "the motions heretofore filed comprising a part of the record of this proceeding relative to the lack of jurisdiction of this court over the defendant," continued to challenge the court's jurisdiction over Caloric, and reiterated previous allegations to the effect that Caloric had never been licensed or authorized to transact business in the State of Missouri and, in fact, had never done so.

In Caloric's brief on appeal, the first "point relied on," briefed adequately and developed fully, is that "the Circuit Court of Scott County, Missouri, did not have jurisdiction over defendant Caloric Appliance Corporation, and the court erred in overruling the defendant's motion to quash the sheriff's return and to dismiss the suit as it pertained to this defendant, which is a foreign corporation . . . not licensed to do business within the State of Missouri, and which was not 'doing business' within the State of Missouri and had not appointed or designated a registered agent or agents for service of process within the State, and the court's action is in violation of the Fourteenth Amendment of the Constitution of the United States."

A foreign corporation, not licensed or authorized to do business in this state, becomes amenable to personal service in Missouri so as to permit the rendition of a general judgment against it only if it is "doing business in this state" [Collar v. Peninsular Gas Co., supra, 295 S.W.2d loc. cit. 90–91(2); State ex rel. Nashville, C. & St. L. Ry. v. Hall, 337 Mo. 1229, 1233, 88 S.W.2d 342, 343; State ex rel. Ferrocarriles Nacionales De Mexico v. Rutledge, 331 Mo. 1015, 1035, 56 S.W.2d 28, 37–38(11), 85 A.L.R. 1378, certiorari denied 289 U.S. 746, 53 S.Ct. 689, 77 L.Ed. 1492]; and, whether such foreign corporation is "doing business in this state" within the contemplation and meaning of the stated principle is a question " 'of due process of law, under the Constitution of the United States' " and is " 'not one of local law or of statutory construction.' " Collar, supra, 295 S.W.2d loc. cit. 91(4); State ex rel. Nashville, C. & St. L. Ry. v. Hall, supra, 337 Mo. loc. cit. 1233, 88 S.W.2d loc. cit. 343; State ex rel. Ferrocarriles Nacionales De Mexico v. Rutledge, supra, 331 Mo. loc. cit. 1035, 56 S.W.2d loc. cit. 38(12); Hall v. Wilder Mfg. Co., 316 Mo. 812, 820, 293 S.W. 760, 762(2), 52 A.L.R. 723. See also Fisk v. Wellsville Fire Brick Co., Mo.App., 145 S.W.2d 451, 456(2), transferred 348 Mo. 73, 152 S.W.2d 113, and State ex rel. Mills Automatic Merchandising Corp. v. Hogan, 232 Mo.App. 291, 295, 103 S.W.2d 495, 497 (4).

■ There are four requirements for preservation of a constitutional question for appellate review, i. e., (1) the question must have been raised at the first opportunity, (2) the constitutional provision claimed to have been violated must have been specified, (3) the point must have been preserved in the motion for new trial, if any, and (4) it must have been covered adequately in the appellate briefs. Magenheim v. Board of Education, Mo., 340 S.W.2d 619, 621(2); Ingle v. City of Fulton, Mo., 260 S.W.2d 666, 667(1); City of St. Louis v. Butler Co., 358 Mo. 1221, 1227, 219 S.W.2d 372, 376(6); Sheets v. Thomann, Mo.App., 336 S.W.2d 701, 707(4); Baker v. Baker, Mo.App., 274 S.W.2d 322, 325(6).

From the hereinbefore-detailed record of the presentation and preservation of the constitutional question of due process of law in the instant case, we think it clearly apparent that Caloric has satisfied the above four requirements; and, although we do not reach the merits of this constitutional question, the transcript and the briefs leave us in no doubt but that this question is one of substance urged in good faith and that it may not be disregarded as fictitious or brushed aside as having been interposed as a mere matter of form. Contrast Brookline Canning & Packing Co. v. Evans, 238 Mo. 599, 142 S.W. 319, 321(3); Stegall v. American Pigment & Chemical Co., 263 Mo. 719, 173 S.W. 674, 675(1); State v. Tatman, 312 Mo. 134, 278 S.W. 713, 715.

In these circumstances, the appellate jurisdiction of the Supreme Court to review the case because a constitutional question is involved does not depend upon the validity of the claim of constitutional right. Elks Investment Co. v. Jones, Mo., 187 S.W. 71, 74(1); Dorrance v. Dorrance, 242 Mo. 625, 645, 148 S.W. 94, 98; State v. Egan, Mo.App., 272 S.W.2d 719, 725 (10); Schuster v. Weiss, 39 Mo.App. 633, 635. For, "jurisdiction carries with it the sole power to exercise the incidents and prerogatives of (such) jurisdiction, and negatives the existence of any such power in any other court." Starr v. Mitchell, Mo. App., 231 S.W.2d 299, 301, transferred 361

Mo. 908, 237 S.W.2d 123. And, being invested with appellate jurisdiction on one issue, the Supreme Court will retain the case for determination of all issues. Howell v. Reynolds, Mo., 249 S.W.2d 381, 384 (8); Domyan v. Dornin, supra, 348 S.W. 2d loc. cit. 362, transferred Mo., 356 S.W.2d 70; Missouri City Coal Co. v. Walker, Mo. App., 183 S.W.2d 350, transferred Mo., 188 S.W.2d 39.

This appeal presenting a substantial constitutional question of due process under the Fourteenth Amendment to the Constitution of the United States, the Supreme Court is invested with exclusive appellate jurisdiction thereof. Collar v. Peninsular Gas Co., supra, 295 S.W.2d loc. cit. 89(1); Wooster v. Trimont Mfg. Co., supra, 356 Mo. loc. cit. 683, 203 S.W.2d loc. cit. 412, same case Mo.App., 197 S.W.2d 710. See also Cindrich v. Indiana Travelers Assur. Co., 356 Mo. 1064, 1066, 204 S.W.2d 765, 766(1), same case Mo.App., 200 S.W.2d 595; Fisk v. Wellsville Fire Brick Co., 348 Mo. 73, 77, 152 S.W.2d 113, 115(1), same case Mo.App., 145 S.W.2d 451. Accordingly, the clerk of this court is directed to transfer this cause forthwith [Section 477.080], together with a copy of this opinion and order, to the clerk of the Supreme Court of Missouri.

RUARK, P. J., and McDOWELL, J., concur.