STATE ex rel. K–MART CORPORATION,
Relator,

v.

Honorable Ronald R. HOLLIGER,
Circuit Court of Jackson County,
Division 9, Respondent.

No. 81066.

Supreme Court of Missouri,
En Banc.

Feb. 23, 1999.

**166**

David C. Stout, Chuck N. Chionuma, Kansas City, for Relator.

Mark R. Schmid, Schmid & Roswold, P.C., Kansas City, for Respondent.

1. All references are to RSMo 1994 unless otherwise indicated.

2. Section 506.500 provides:
1. Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any such acts:

Randy W. James, Risjord & James, P.C., Missouri Ass'n of Trial Attys., Overland Park, KS, for Amicus Curiae.

MICHAEL A. WOLFF, Judge.

Gladys Strawn, a Missouri resident, was injured in a fall in a K–Mart store in Colorado on December 24, 1994. K–Mart Corporation is incorporated in Michigan and is registered to conduct business in Missouri. K–Mart has retail stores in various locations in Missouri, including Jackson County, where Gladys Strawn lives and where she filed her lawsuit. Service of process was made in Missouri by serving K–Mart's registered agent pursuant to section 506.150(3).[1]

K–Mart moved to dismiss for lack of personal jurisdiction or, in the alternative, to dismiss on grounds of *forum non conveniens.* K–Mart obtained a preliminary writ of prohibition in the Court of Appeals, Western District. After opinion in the court of appeals, this Court granted transfer.

The preliminary writ of prohibition is quashed.

## THE PERSONAL JURISDICTION ISSUE

The only jurisdictional issue is whether Missouri law authorizes the circuit court for Jackson County to hear Gladys Strawn's claim for relief against K–Mart. K–Mart concedes that there are no constitutional impediments, under the due process clause of the fourteenth amendment, to Missouri's exercise of jurisdiction over K–Mart.

K–Mart bases its contention that Missouri courts lack jurisdiction on the remarkable assertion that the only means by which jurisdiction may be obtained over a foreign corporation is through the state's long-arm statute, section 506.500.[2]

(1) The transaction of any business within this state;
(2) The making of any contract within this state;
(3) The commission of a tortious act within this state;
(4) The ownership, use, or possession of any real estate situated in this state;
(5) The contracting to insure any person, property or risk located within this state at the time of contracting;

K–Mart's theory turns jurisdictional history on its head. Prior to the enactment of Missouri's long arm statute in 1967, Missouri cases uniformly held that a foreign corporation present and conducting substantial business in Missouri was subject to the jurisdiction of our courts. Some of these cases involved service in Missouri pursuant to section 506.150 and its predecessor statutes. *See, Collar v. Peninsular Gas Co.,* 295 S.W.2d 88, 90 (Mo.1956), citing *State ex rel. Ferrocarriles Nacionales De Mexico v. Rutledge,* 331 Mo. 1015, 56 S.W.2d 28 (1932). *See also Painter v. Colorado Springs & Cripple Creek Dist. Ry. Co.* 127 Mo.App. 248, 104 S.W. 1139 (1907); *State ex rel. Nashville, C. & St. L. Ry. v. Hall et al.,* 337 Mo. 1229, 88 S.W.2d 342 (1935); *Wooster et al. v. Trimont Mfg. Co.,* 356 Mo. 682, 203 S.W.2d 411 (1947); *Ward v. Cook United, Inc.,* 521 S.W.2d 461 (Mo.App.1975); and *Morrow v. Caloric Appliance Corporation,* 372 S.W.2d 41 (Mo. 1963). Where a corporation's registered agent is served in Missouri, assertion of jurisdiction was no more than adherence to the traditional understanding that a state may condition a corporation's doing business upon the appointment of an agent in the state for service of process. *Lafayette Ins. Co. v. French,* 59 U.S. 404, 18 How. 404, 15 L.Ed. 451 (1856). Though *Pennoyer v. Neff,* 95 U.S. 714, 24 L.Ed. 565 (1877), limited extraterritorial exercise of jurisdiction under the due process clause of the fourteenth amendment, the Court in dictum left intact the traditional understanding expressed in *French* and other early cases. 95 U.S. at 735.

Extraterritorial exercise of jurisdiction was rare prior to *International Shoe v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Most assertions of personal jurisdiction were premised on a defendant's presence, as specified in *Pennoyer,* the defendant's domicile, e.g., *McDonald v. Mabee,* 243 U.S. 90, 37 S.Ct. 343, 61 L.Ed. 608 (1917), or consent, e.g., *Hess v. Pawloski,* 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091 (1927).

Since a corporation is a fictional entity, ascertaining its "presence" sometimes is conceptually difficult. Thus, traditionally, jurisdiction was exercised over corporations by service upon an agent in the forum state. *International Shoe* authorized extraterritorial exercises of jurisdiction where a defendant had certain "minimum contacts" with the forum state so that the exercise of jurisdiction does not offend "traditional notions of fair play and substantial justice" embodied in the due process clause. *Id.* at 316, 66 S.Ct. 154. *International Shoe* thus shifted the focus of jurisdictional inquiry from "Is the defendant there?" to "Is it fair?"

■ In 1957 Illinois enacted the first of the so-called "long-arm" statutes to take advantage of the expanding notions of jurisdiction embodied in *International Shoe.* Its statute specified that certain acts of a defendant in the forum state— for example, the commission of a tortious act or the making of a contract— would authorize a court to allow service outside the state. Ill.Rev.Stat.1957, Chap. 110, para. 16 and 17. Ten years later, the Missouri General Assembly followed suit, enacting a statute whose wording was similar to the Illinois long-arm statute. Comment, "Expanding Permissible Bases of Jurisdiction in Missouri: The New Long–Arm Statute," 33 Mo. L.Rev. 248, 249, fn. 6 (1968). The current version is section 506.500, the statute K–Mart relies upon in this case. This Court has determined that the legislative intent of the Missouri General Assembly in passing section 506.500 "was to *extend* the jurisdiction of the courts of this state over nonresident defendants to the extent permis-

(6) Engaging in an act of sexual intercourse within this state with the mother of a child on or near the probable period of conception of that child.

2. Any person, whether or not a citizen or resident of this state, who has lived in lawful marriage within this state, submits himself to the jurisdiction of the courts of this state as to all civil actions for dissolution of marriage or for legal separation and all obligations arising for maintenance of a spouse, support of any child of the marriage, attorney's fees, suit money, or disposition of marital property, if the other party to the lawful marriage lives in this state or if a third party has provided support to the spouse or to the children of the marriage and is a resident of this state.

3. Only causes of action arising from acts enumerated in this section may be asserted against a defendant in any action in which jurisdiction over him is based upon this section.

sible under the due process clause of the fourteenth amendment of the constitution of the United States." (Emphasis added.) *State ex rel. Deere and Co. v. Pinnell,* 454 S.W.2d 889, 892 (Mo.1970). *See also, State ex rel. Newport v. Wiesman,* 627 S.W.2d 874 (Mo.1982).

K–Mart relies on the long-arm statute for its argument that Missouri does not have personal jurisdiction in this case because the claim did not arise out of one of the activities enumerated in the statute. However, long-arm statutes, as the name implies, are intended to expand the reach of the law of the state to authorize jurisdiction over foreign corporations that are not necessarily authorized to do business in the state but whose activities justify personal jurisdiction. In fact, we can find no Missouri case challenging jurisdiction over a foreign corporation whose registered agent was served in Missouri. The provisions of section 506.150 are incorporated into rule 54.06, which explicitly applies only to "service outside the state." In this case, there is no need for a "long-arm" to reach K–Mart outside of Missouri, because K–Mart has a registered agent in Missouri.

■ We reject K–Mart's argument that Missouri's long-arm statute is the exclusive means of obtaining jurisdiction over a foreign corporation.[3] If its argument were to succeed, it would severely limit the reach of Missouri law and the protection that law gives Missouri residents and others authorized to use our state's courts. Under section 351.582(2), issuance of a certificate of authority to a foreign corporation authorizes it to conduct business in Missouri and makes it "subject to the same duties, restrictions, penalties, and liabilities...imposed on, the domestic corporation of like character."

Missouri courts historically have interpreted the intent of this statute to "...subject the foreign corporation to such liabilities for actions against it as a citizen would have against a domestic corporation...for its acts...whereby an injury be done to another person or corporation...." *Sidway v. Missouri Land & Live-Stock Co.,* 101 Fed.481, 488 (Cir.Ct.W.D.Mo.Dist.Ct.W.D.1900).

We need not address the issue of whether registration of a foreign corporation and designation of an agent for service of process, without more, is always sufficient to confer jurisdiction.[4] The limitation on such assertion may be, of course, the due process clause of the United States constitution. But in this case, K–Mart agrees that it is conducting substantial and continuous business in Missouri and that its contacts with Missouri are

3. K–Mart cites the holding in *United Missouri Bank of Kansas City, N.A. v. Bank of New York,* 723 F.Supp. 408 (W.D.Mo.1989), as proof that passage of Missouri's long-arm statute restricted the exercise of personal jurisdiction rather than expanded it. In that case the federal court, bound by Rule 4 of the Federal Rules of Civil Procedure to follow Missouri law as to assertions of personal jurisdiction, declined personal jurisdiction over the Bank of New York. The court said the suit did not arise out of Bank of New York's substantial business activity in Missouri, and noted that the defendant did not maintain an office, retain employees, or have an agent for service in Missouri. The court also stated that if a defendant or an agent for service of process is not physically present in Missouri, valid service of process could only be made under the long-arm statute. *Id.* at p. 411. Thus, the court did not address the question of whether jurisdiction could be asserted over a defendant with an agent for service, employees and facilities present in Missouri without resort to the long-arm statute. If the *Bank of New York* case is read to limit general jurisdiction based upon activities in Missouri, the case may be inconsistent with some of our precedents.

4. There appears to be a difference of opinion in the federal circuits as to this issue. The Eighth Circuit in *Knowlton v. Allied Van Lines, Inc.,* 900 F.2d 1196 at 1199–1200 (1990), equated designation of an agent for service with consent to general jurisdiction. The Fifth Circuit in *Wenche Siemer v. Learjet Acquisition Corp.,* 966 F.2d 179, 183 (1992), held that registration equals consent to jurisdiction only where due process allows. *See also, Restatement Second of Conflict of Laws,* section 44, comments a-c (1971). This question is similar to that in *Burnham v. Superior Court,* 495 U.S. 604, 110 S.Ct. 2105, 109 L.Ed.2d 631 (1990), in which the United States Supreme Court, unanimous in result but divided as to rationale, upheld jurisdiction as to a nonresident individual served with process while visiting in the forum state. To summarize simply, four justices took a "traditional" view that presence is sufficient without further due process fairness inquiry, four justices applied due process principles to uphold jurisdiction, and one justice found merit in both positions.

sufficient to satisfy due process requirements.

Accordingly, we hold that Missouri's long-arm statute is inapplicable to this situation and hold that jurisdiction is proper in this case.[5]

### FORUM NON CONVENIENS

■ K–Mart argues in the alternative that the court should dismiss the action on the grounds of *forum non conveniens*, which would require the plaintiff to go to Colorado to litigate her claim. Under this doctrine, a trial court may decline to exercise jurisdiction that it clearly has, dismiss the action, and thus require the plaintiff to bring the claim in the courts of a jurisdiction that arguably is more convenient.

■ While a petition for writ of prohibition may be a proper means of obtaining relief from an order denying dismissal on *forum non conveniens* grounds, the discretionary nature of the trial court's order portends that a writ rarely will be granted. Prohibition is an extraordinary remedy to prevent exercise of extrajurisdictional power and is not a writ of right. A remedial writ is not an appropriate remedy to resolve issues which may be addressed through appeal. *Knisley v. State*, 448 S.W.2d 890 (Mo.1970); *cf., State ex rel. Miller's Mutual Ins. Assn. v. Sanders*, 538 S.W.2d 708 (Mo. banc 1976).

■ The general rule is that, if a court is entitled to exercise discretion in the matter before it, a writ of prohibition cannot prevent or control the manner of its exercise, so long as the exercise is within the jurisdiction of the court. 63C Am.Jur.2d *Prohibition* Sec. 49 (1997). In Missouri, prohibition will not lie to control administrative or ministerial functions, discretionary actions, or legislative powers. *Bash v. Truman*, 335 Mo. 1077, 75 S.W.2d 840, 843 (1934). See also *State ex rel. Sisters of St. Mary v. Campbell*, 511 S.W.2d 141 (Mo.App.1974), *Allen v. Yeaman*, 440 S.W.2d 138 (Mo.App.1969). However, if abuse of that discretion is so great as to be an act in excess of jurisdiction and is such as to create injury which cannot be remedied on appeal, prohibition may be appropriate. *Jones v. Corcoran*, 625 S.W.2d 173, 174 (Mo. App.1981).

■ Denial of a motion to dismiss on the grounds of *forum non conveniens* should not be disturbed unless the relevant factors weigh heavily in favor of applying the doctrine and litigating the case in Missouri would lead to an injustice because such trial would be oppressive to the defendant or would impose undue burden on the Missouri courts. *Anglim v. Missouri Pacific Railroad Co.*, 832 S.W.2d 298, 302, 303 (Mo.1992) ("A plaintiff's choice of forum should not be disturbed except for weighty reasons and the case should be dismissed only if the balance is strongly in favor of the defendant." *Id.*, citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).)[6]

■ Exercise of this doctrine is within the discretion of the trial court. In this case, an individual Missouri plaintiff may suffer a hardship if forced to litigate her claim in a distant state against a corporate defen-

---

5. K–Mart also finds support for its contention that personal jurisdiction over a foreign corporation can only be acquired by application of the long-arm statute in its strained interpretation of the service statutes, section 506.150(3), section 351.594.1, and Rule 54.13(b)(3). K–Mart argues that the phrase "required or permitted by law" contained in section 351.594.1 and the phrase "when by law it may be sued as such" contained in section 506.150(3) and Rule 54.13 can only mean that for valid service, an independent legal basis must exist for granting jurisdiction. K–Mart then circles back to the erroneous assertion that under Missouri law the only legal basis for granting personal jurisdiction over a non-resident is the Missouri long-arm statute. Because the phrase at issue was present in Missouri's general service statute before the enactment of

the long-arm statute, it follows that a more reasonable interpretation of the phrase is "subject to due process of law."

6. Factors used as a guide in exercising trial court discretion in applying the doctrine of *forum non conveniens* include: (1) place of accrual of cause of action, (2) location of witnesses, (3) residence of parties, (4) any nexus with place of suit, (5) public factor of convenience to and burden upon the court, and (6) availability to plaintiff of another court with jurisdiction of cause of action affording forum for plaintiff's remedy. The weight to be given any one factor may differ depending on the facts of each case. *Anglim, supra; Taylor v. Farmers Ins. Co., Inc.*, 954 S.W.2d 496 (Mo.App.1997).

dant with adequate resources and contacts to litigate in either Colorado or Missouri. Plaintiff's physician, who treated her for the injury suffered in Colorado, is present in Missouri. Some witnesses reside in Colorado, and other witnesses are available in Missouri. The trial court judge did not abuse his discretion in refusing to dismiss this case on *forum non conveniens* grounds.

The preliminary writ is quashed.

All concur.