George J. GLADIS and Mary L. Gladis, Plaintiffs/Appellants,

v.

Robert J. ROONEY and Charlene G. Rooney, et al., Defendants/Respondents.

No. 74742.

Missouri Court of Appeals, Eastern District, Division Two.

Aug. 3, 1999.

William James O'Herin, Florissant, for appellant.

Thomas C. Croft, St. Louis, for respondent.

LAWRENCE G. CRAHAN, Judge.

George and Mary Gladis ("Plaintiffs") appeal the summary judgment in favor of Robert and Charlene Rooney ("Defendants") in their action for a partnership accounting. We reverse and remand.

■ This Court's review of a summary judgment is essentially *de novo*. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). "The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially. As the trial court's judgment is founded on the record submitted and the law, an appellate court need not defer to the trial court's order granting summary judgment." *Id.* The non-movant is accorded the benefit of all reasonable inferences from the record. *Id.* The facts are reviewed in the light most favorable to the party against whom judgment is entered. *Id.*

■ The requirements for motions for summary judgment are set forth in Rule 74.04. The Rule requires the moving party to "state with particularity the grounds" for the motion. *Id.* at 380. "Insofar as the movant's right to judgment as a matter of law depends upon the presence or absence of certain facts, the movant must also establish by reference to the record when appropriate, that there is no genuine dispute about those material facts." *Id.*

■ The facts of this case are difficult to ascertain from the record. The trial court treated Defendants' motion to dismiss as a motion for summary judgment and ordered Plaintiffs to file a response. Rule 55.27(a) provides that the trial court may treat a motion to dismiss for failure to state a claim as a motion for summary judgment under Rule 74.04. Defendants' motion, however, does not comply with Rule 74.04(c) which governs summary judgment. The motion does not reference the record and thus does not identify undisputed facts. Although Rule 55.27(a) does not specifically require it, we urge trial courts acting pursuant to that rule to have the moving party refile the motion in compliance with Rule 74.04(c) and then order the opposing party to follow the requirements of Rule 74.04.

It appears that in 1987 Plaintiffs and Defendants formed a partnership to purchase, develop and sell real estate for profit. Two weeks after signing the partnership agreement, Plaintiffs and Defendants formed a corporation for the same pur-

pose. Defendants put up the initial capital for the partnership. According to the terms of the partnership agreement, Plaintiff George Gladis was to be salaried until the completion of the first development project. The income was to be shared equally after the profits from the first project had been received.

It is not entirely clear whether the corporation was owned by the partnership or by the individual members of the partnership. The corporation held title to the real estate and was the conduit for the business. In 1989, Plaintiffs and Defendants executed an instrument that extended the life of the partnership until November 1997. At some point in 1990, Plaintiffs and Defendants had a falling out and Plaintiffs were excluded from the business. In 1996, Plaintiffs filed their petition for a formal accounting.

Section 358.220(1) RSMo 1994 provides that "[a]ny partner shall have the right to a formal account as to partnership affairs ... if he is wrongfully excluded from the partnership business or possession of its property by his copartners." To bring an action under this theory, the plaintiff must plead the existence of a partnership and the withholding of profits. *Arnold v. Erkmann*, 934 S.W.2d 621, 630 (Mo.App. 1996).

Plaintiffs pled the existence of the partnership and alleged that the partnership engaged in several specified real estate transactions for profit. Defendants thereafter moved to dismiss asserting that they had never acted in an individual capacity, that they had no knowledge of any profits, and that all business was conducted through the corporation. Defendants neither denied the existence of the partnership nor the claim that the corporation was merely a conduit for the partnership.

After the trial court indicated it would treat Defendants' motion to dismiss as a motion for summary judgment, Plaintiffs' response asserted again the existence of the partnership and that the corporation was merely a conduit for the partnership. Thereafter, the trial court entered summary judgment in favor of Defendants.

Defendants have cited no authority for their claim that they are entitled to judgment as a matter of law because they never acted in a personal capacity. They also cite no law for their claim that they are entitled to judgment because the corporation conducted all of the transactions.[1] The fact that the parties extended the partnership agreement well after the corporation was formed would appear to preclude any contention that the corporation somehow subsumed the partnership. If the corporation were merely a conduit for the partnership, as Plaintiffs allege, the partnership would still have to account for any profits it received from the corporation. It may well be the case that the partnership never received any profits but that is precisely what the accounting will determine.

Summary judgment in favor of Defendants is reversed and the cause is remanded for further proceedings consistent with this opinion.

JAMES R. DOWD, P.J., and RICHARD B. TEITELMAN, J., Concur.

---

1. Defendants cite generally to *Kelley v. Schnebelen*, 545 S.W.2d 332 (Mo.App.1976), for this proposition. *Kelley* held only that a request for accounting was "ill-timed" where the accounting was requested for the first time on appeal. *Id.* At 337.