**TURNER ENGINEERING, INC., Appellant,**

v.

**149/155 WELDON PARKWAY, L.L.C., Respondent.**

**No. ED 77982.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 27, 2001.

Stuart C. Mullgardt II, St. Louis, MO, for Appellant.

Theodore D. Dearing, St. Louis, MO, for Respondent.

DRAPER, Judge.

Turner Engineering, Inc. (hereinafter, "Turner") appeals the trial court's judgment dismissing its petition against 149/155 Weldon Parkway, LLC (hereinafter, "Weldon") for conversion claiming: (1) the trial court erred in dismissing its petition because it stated a cause of action for conversion; (2) the trial court erred in treating Weldon's motion to dismiss as a motion for summary judgment in that the trial court failed to give Turner the requisite notice of its treatment as such, and Weldon's motion did not comply with Rule 74.04; and (3) there are genuine issues of material fact precluding judgment as a matter of law for Weldon. We reverse and remand.

On July 9, 1998, Turner sold three pieces of broadcasting equipment for approximately $108,000 to Unity Motion, Inc. (hereinafter, "Unity").[1] Unity did not tender payment for the equipment upon receipt, and on February 16, 1999, Turner and Unity entered into a security agreement to secure the cost of the equipment. Turner did not perfect its security interest until August 11, 1999. During this time, Unity leased space from Weldon, but ultimately defaulted on the lease. Weldon commenced a breach of lease action against Unity and obtained a temporary restraining order on May 13, 1999, allowing it to take possession of all of the property on the leased premises. Turner was not a party to the breach of lease lawsuit. Weldon obtained a judgment against Unity on June 17, 1999. In addition to the judgment, the trial court issued a preliminary injunction allowing Weldon to take possession of any property on the premises and to sell that property in a sheriff's sale to satisfy the unpaid judgment costs. Moreover, any property left on the premises after the sale was to be deemed abandoned. The sheriff's sale was conducted, but the equipment was not disposed of at this sale.

Turner advised Weldon subsequent to the June 17, 1999 order of its security interest in the broadcasting equipment and claimed an immediate right to possession of the equipment in light of Unity's failure to pay Turner. Weldon did not return the equipment to Turner. The equipment was sold in a private sale and the proceeds of that sale were applied toward Weldon's unsatisfied judgment. Turner received no notice, did not have knowledge of, and had not consented to the private sale.

Turner brought this action on December 22, 1999, alleging Weldon unlawfully converted the broadcasting equipment in which it had a valid security interest. Weldon filed a motion to dismiss asserting Turner failed to state a claim upon which relief could be granted in that Weldon became the owner of the property pursuant to the order entered in its case against Unity, and Turner was not entitled to immediate possession of the equipment. The trial court granted Weldon's motion to dismiss with prejudice. This appeal follows.

To ascertain the proper standard of review, we must determine whether the trial court treated Weldon's motion to dismiss as a motion for summary judgment and if so, whether it could properly do so. Therefore, we will address Turner's second point on appeal first. Turner asserts the trial court erred in treating Weldon's motion to dismiss as a motion for summary judgment in that the trial court did not provide timely notice of its intention to treat the motion as such and that Weldon's motion did not comply with Rule 74.04.

■ Before a trial court may treat a motion to dismiss as one for summary judgment, when matters outside the pleadings are presented and not excluded, it must notify the parties that it is going to do so and give the parties an opportunity to present all materials pertinent to the motion for summary judgment. Rule 55.27(a); *Manzer v. Sanchez*, 985 S.W.2d 936, 939 (Mo.App. E.D.1999). When a trial court acts under Rule 55.27(a), it is urged, but not required, to have the moving party refile the motion so that it complies with Rule 74.04, the summary judgment rule, and then order the opposing party to follow these requirements as well. *Gladis v.. Rooney*, 999 S.W.2d 288, 289 (Mo.App. E.D.1999).

■ Here, the record does not support Turner's argument that the trial court

---

**1.** Unity is not a party to this appeal or the    underlying conversion action.

chose to treat Weldon's motion to dismiss as a motion for summary judgment. "A trial court's order will constitute a dismissal, and not a summary judgment, where the record contains no evidence that the court notified the parties that it intended to review pleadings and documents as a summary judgment motion, nor that the court considered matters outside the pleadings." *Manzer*, 985 S.W.2d at 939. Here, the final judgment merely states:

> The above cause comes before the Court on [Weldon's] Motion to Dismiss. Defendant's Motion having heretofore been heard and submitted and the Court being fully advised in the premises, it is Ordered that Defendant's motion be and is hereby sustained. [Turner's] petition is dismissed with prejudice.

While Turner correctly points out that the trial court considered the June 17, 1999 court order and a sheriff's bill of sale when ruling on the motion to dismiss, these were both simply mentioned in the petition. Additionally, there was no evidence that the court gave either party any notice that it intended to treat the motion as a summary judgment motion. Therefore, we treat Weldon's motion as a motion to dismiss.

■ In ruling on a motion to dismiss, the trial court is obliged to construe the petition liberally, to take the statements of fact in the petition as true, and to determine whether the petition states facts which, if established, demonstrate a right of recovery against the defendant which the law recognizes. *Nazeri v. Missouri Valley College*, 860 S.W.2d 303, 306 (Mo. banc 1993); *Deutsch v. Boatmen's Nat. Bank of St. Louis, N.A.*, 991 S.W.2d 206, 208 (Mo.App. E.D.1999). Further, when the trial court does not specify its reasons for dismissing a petition, this Court presumes the trial court acted for one of the reasons stated in the motion to dismiss.

*City of Chesterfield v. DeShetler Homes, Inc.*, 938 S.W.2d 671, 674 (Mo.App. E.D. 1997). We will affirm the order of dismissal if any ground supports the motion, regardless of whether the trial court relied on that ground. *Id.*

■ Weldon does not dispute that Turner pleaded a submissible case for conversion. However, Weldon argues it is entitled to judgment as a matter of law because the equipment has been deemed abandoned pursuant to the June 17, 1999 court order. While the court order was mentioned in the petition, Turner did not set forth any of the terms of the court order nor did it attach the court order to the petition. Therefore, we cannot review that court order because our standard of review requires us to look solely at the petition and hence, we cannot determine the nature and priority of Weldon's interest in the equipment. Moreover, assuming *arguendo*, we had and therefore could review the June 17, 1999 court order, it still could not establish that Weldon is entitled to judgment as a matter of law because there seems here to be an issue of fact, sufficient to overcome a motion for summary judgment, as to if and when Weldon received notice of Turner's security interest.

The judgment of the trial court is reversed and remanded.

GARY M. GAERTNER, P.J., and CRAHAN, J., concur.