Gary WINETEER, Appellant,

v.

VIETNAM HELICOPTER PILOTS ASSOCIATION and David Rittman, Respondents.

No. WD 62266.

Missouri Court of Appeals, Western District.

Dec. 2, 2003.

---

L. Thomas Elliston, Webb City, MO, for appellant.

John R. Shank, Jr., Kansas City, MO, for respondent.

Before JAMES M. SMART, JR., P.J., ROBERT G. ULRICH and LISA WHITE HARDWICK, JJ.

ROBERT ULRICH, Judge.

Gary Wineteer ("Mr. Wineteer") appeals the trial court's dismissal with prejudice of his suit against the Vietnam Helicopter Pilots Association ("VHPA") and David Rittman ("Mr. Rittman"), past president of VHPA.[1] Mr. Wineteer sought injunctive relief to compel VHPA and Mr. Rittman to comply with Kansas law by allowing proxy voting at the annual VHPA meeting. The trial court's dismissal is reversed.

**Factual and Procedural History**

VHPA is a national not-for profit Kansas corporation that has members in lieu of stockholders. An Executive Council comprised of seven members constitutes the corporate legal authority of VHPA.[2] Mr. Rittman was the president of the national organization from July 2001 to July 2002. He was then a resident of Missouri and conducted business on behalf of VHPA from his home and business office which were also located in Missouri. In 1997, VHPA contacted Mr. Wineteer and other Missouri residents to form a local chapter of VHPA. The Mid–America Chapter ("Chapter") of VHPA was incorporated on September 1, 1997. Mr. Wineteer was president of the Chapter at the time it was formed. VHPA provided the Chapter with $500 cash and a list of Missouri residents as prospective members to be recruited. It also provided the Chapter with a banner containing VHPA's logo and name. VHPA possesses a Missouri tax identification number and enjoys sales/use tax-exempt status in Missouri.

Mr. Wineteer filed his petition for injunction on June 10, 2002, seeking the court's order requiring VHPA and Mr. Rittman to comply with Kansas law regarding proxy voting and repeal or amendment of bylaws.[3] A copy of the summons and petition for injunction were personally served on Mr. Rittman and on VHPA by serving Mr. Rittman, individually, as the corporation's president, on June 13, 2002, in Missouri. VHPA and Mr. Rittman filed a motion to dismiss on November 7, 2002, alleging that the trial court lacked personal jurisdiction over VHPA and stating that

---

1. Mr. Rittman was the acting president of VHPA from July 2001 to July 2002, the time during which Mr. Wineteer commenced the lawsuit.

2. The Executive Board functions as VHPA's board of directors.

3. K.S.A. § 17–6505 governs proxy voting and K.S.A. § 17–6009 governs a corporation's power to adopt, amend or repeal bylaws.

Mr. Wineteer's requested relief against Mr. Rittman was discretionary and, even if granted, would not benefit Mr. Wineteer.

A hearing on the motion to dismiss was held on November 26, 2002. Mr. Wineteer submitted an affidavit outlining the contacts that VHPA had with the State of Missouri. VHPA submitted the affidavit of Joe Bilitzke, acting president of VHPA, stating the reasons why the trial court lacked personal jurisdiction over VHPA, namely denying that VHPA had any of the contacts enumerated under Missouri's long-arm statute. After hearing arguments of both parties and reviewing the affidavits, the trial court sustained the motion to dismiss with prejudice. This appeal followed.

## Points on Appeal

Mr. Wineteer asserts two points on appeal. In his first point, Mr. Wineteer claims that the trial court erred in sustaining the motion to dismiss with prejudice on the basis of lack of personal jurisdiction because: (a) VHPA was served process in Missouri, and he did not need to satisfy the jurisdictional requirements of Missouri's long-arm statute, section 506.500, RSMo 2000; (b) the trial court had personal jurisdiction over both Mr. Rittman and VHPA because both were personally served in Missouri; and (c) due process as to both Mr. Rittman and VHPA was satisfied in that VHPA's president was served in Missouri in his individual and corporate capacities and VHPA had significant contacts with Missouri so that maintenance of the suit did not offend traditional notions of fair play and substantial justice. For his second point, Mr. Wineteer asserts that the trial court erred in sustaining the motion to dismiss with prejudice on the basis that "the relief requested was discretionary and, even if granted, would not benefit Mr. Wineteer" because this required the trial court to consider matters outside the pleadings and converted the motion to dismiss to a motion for summary judgment.

## Standard of Review

■■■ The plaintiff has the burden of proving the existence of personal jurisdiction over the defendant. *Sloan Roberts v. Morse Chevrolet, Inc.*, 44 S.W.3d 402, 406 (Mo.App. W.D.2001) (citing *Schilling v. Human Support Servs.*, 978 S.W.2d 368, 370 (Mo.App.1998)). A trial court determines jurisdiction "in the first instance." *Johnson Heater Corp. v. Deppe*, 86 S.W.3d 114, 119 (Mo.App. E.D.2002) (citing *Stavrides v. Zerjav*, 848 S.W.2d 523, 527 (Mo. App. E.D.1993)). "When the motion is based on facts not appearing on the record, as is the case here, the 'trial court may hear it on affidavits presented by the parties, or the court may direct that the matter be heard wholly or partly on oral testimony or deposition.'" *Auld v. Adler*, 96 S.W.3d 920, 923 (Mo.App. W.D.2003) (citing *Lindley v. Midwest Pulmonary Consultants, P.C.*, 55 S.W.3d 906, 909 (Mo. App. W.D.2001)) (quoting *Conway v. Royalite Plastics, Ltd.*, 12 S.W.3d 314, 318 (Mo. banc 2000)). The trial court is free to believe or disbelieve any statements made within those affidavits and factual determinations based upon those affidavits are within the trial court's discretion. *Id.*

■■■ Whether sufficient evidence was presented to establish a prima facie case of personal jurisdiction is a question of law, which is independently reviewed on appeal. *Sloan Roberts*, 44 S.W.3d at 406 (quoting *Stavrides v. Zerjav*, 848 S.W.2d 523, 527 (Mo.App.1993)). In reviewing the grant of a motion to dismiss a petition, all facts alleged in the petition are deemed true and the plaintiff is given the benefit of every reasonable inference. *Burnside v. Gilliam Cemetery Ass'n of Gilliam*, 96 S.W.3d 155, 156 (Mo.App. W.D.2003) (quot-

ing *In re Swearingen*, 42 S.W.3d 741, 745–46 (Mo.App. W.D.2001)). The credibility or persuasiveness of the facts alleged is not re-examined. *In re Swearingen*, 42 S.W.3d at 746 (citing *Nazeri v. Mo. Valley Coll.*, 860 S.W.2d 303, 306 (Mo. banc 1993)). Rather, an appellate court "review[s] the petition to determine whether it invokes principles of substantive law and whether the acts alleged, if proven, would entitle the plaintiff to relief." *Id.* (citing *Jordan v. Willens*, 937 S.W.2d 291, 293 (Mo.App. W.D.1996)).

 This standard of review does not convert the motion to dismiss into a motion for summary judgment as "the trial court's inquiry is limited to an examination of the petition on its face and the supporting affidavits to determine the limited question of personal jurisdiction." *Capitol Indem. Corp. v. Citizens Nat'l Bank of Fort Scott, N.A.*, 8 S.W.3d 893, 898 (Mo.App. W.D. 2000) (quoting *Chromalloy Am. Corp. v. Elyria Foundry Co.*, 955 S.W.2d 1, 3 n. 3 (Mo. banc 1997)). A motion to dismiss is not converted to a summary judgment motion when the merits of the underlying action are not considered. *Id.* To treat a motion to dismiss as one for summary judgment, the trial court must first notify the parties of its intent, and it must provide all parties a reasonable opportunity to present all materials pertinent to a motion for summary judgment. *Shouse v. RFB Constr. Co.*, 10 S.W.3d 189, 192 (Mo.App. W.D.1999) (citing *Crede v. City of Oak Grove*, 979 S.W.2d 529, 532 (Mo.App. 1998)).

 In this case, the trial court granted VHPA's motion to dismiss after considering the pleadings and affidavits submitted by the parties. The trial court's judgment does not state the basis for its decision. The reviewing court presumes the dismissal was based upon one of the grounds presented when the trial court fails to specifically state the grounds on which it based its order of dismissal. *Id.* at 193. The trial court's ruling will be affirmed on appeal if any of the grounds asserted by the movant can sustain the trial court's action. *Id.* (citing *Wenthe v. Willis Corroon Corp.*, 932 S.W.2d 791, 793–94 (Mo.App.1996)).

### Personal Jurisdiction

 Mr. Wineteer first argues that the trial court erred in dismissing his petition for lack of personal jurisdiction over VHPA with prejudice because VHPA was served in Missouri and was subject to general jurisdiction in Missouri. General jurisdiction exists when a "foreign corporation [is] present and conducting substantial business in Missouri." *State ex rel. K–Mart Corp. v. Holliger*, 986 S.W.2d 165, 167 (Mo. banc 1999). To establish general jurisdiction over a foreign corporation, two elements must be satisfied: (a) service of process was obtained on the foreign corporation in the State of Missouri pursuant to section 506.150, RSMo 2000, and Rule 54.13(b)(3); and (b) the foreign corporation was doing substantial business in the State of Missouri. *Collar v. Peninsular Gas Co.*, 295 S.W.2d 88, 90 (Mo.1956) (citations omitted). Because a corporation is a fictional entity, determining its "presence" can be conceptually difficult. *K–Mart*, 986 S.W.2d at 167. The exercise of extraterritorial jurisdiction is permitted when a foreign corporation has certain "minimum contacts" with the forum state. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

 "It is not a prerequisite for valid service upon a foreign corporation that it be licensed to do business in Missouri, but it is sufficient if it is in fact doing business in this state and is subject to a type of service on corporations as provided by Missouri statutes." *Ward v. Cook United,*

*Inc.*, 521 S.W.2d 461, 464 (Mo.App.1975) (citations omitted). Section 506.150.1(3), RSMo 2000, governs personal service within the state on a foreign corporation and provides:

> The summons and petition shall be served together. Service shall be made as follows:
>
> (3) Upon a domestic or *foreign corporation* or upon a partnership, or other unincorporated association, when by law it may be sued as such, *by delivering a copy of the summons and of the petition to an officer,* partner, a managing or general agent, or by leaving the copies at any business office of the defendant with the person having charge thereof, or to any other agent authorized by appointment or required by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

(emphasis added); *see also* Rule 54.13(b)(3). The record reflects that VHPA was served with process by delivering a copy of the summons and petition to Mr. Rittman acting in his capacity as president of VHPA on June 13, 1002. Because VHPA was served with summons and the petition through one of its officers, section 506.150.1(3) and the first prong of general jurisdiction were satisfied.

■■■■■ The second step of the inquiry requires determining whether VHPA was conducting substantial business in Missouri. "General jurisdiction requires that a non-resident defendant's contacts with Missouri be 'substantial' and 'continuous.'" *Sloan Roberts,* 44 S.W.3d at 409 (citing *Int'l Shoe,* 326 U.S. at 318, 66 S.Ct. 154). The trial court's exercise of general jurisdiction over a foreign corporation must satisfy due process. *Int'l Shoe,* 326 U.S. at 316, 66 S.Ct. 154. Subjecting a foreign corporation to general jurisdiction satisfies

due process if it does not violate "traditional notions of fair play and substantial justice" embodied in the due process clause. *Id. International Shoe*...shifted the focus of the jurisdictional inquiry from "Is the defendant there?" to "Is it fair?" *K–Mart,* 986 S.W.2d at 167.

■■■■■ VHPA claims that it never conducted business in Missouri and that Mr. Rittman's presence in Missouri was for reasons unrelated to VHPA's business. The record contradicts VHPA's claim. The record reflects that VHPA conducted business in Missouri when it encouraged Mr. Wineteer and other Missouri residents to form a local chapter of VHPA. VHPA assisted Mr. Wineteer in forming a local chapter by providing him with a list of names of Missouri residents that were Vietnam War veterans. Not only did VHPA solicit members in Missouri, it also provided the local chapter with $500 to assist in the recruitment process. The evidence further established that VHPA had a tax identification number and was granted a sales/use tax exemption from any purchases made by the organization in Missouri. Additionally, Mr. Rittman, the president of VHPA at the time the suit was instituted, was a resident of Missouri and conducted VHPA business from his home and office. VHPA's contacts with Missouri were substantial and continuous and, thus, sufficient to subject it to the general jurisdiction of the trial court.

■■■■■ VHPA claims that the trial court cannot exercise general jurisdiction over it because it does not maintain its principal place of business in Missouri nor does it have a legal registered agent in Missouri. Specifically, it asserts that Mr. Rittman is not a legal registered agent of VHPA. These facts are not dispositive. "Even though a non-resident defendant may neither be registered in the forum state nor have its principal place of business there,

general jurisdiction still may exist where the non-resident defendant purposefully avails itself so as to reasonably expect being haled into the forum state's courts." *Sloan–Roberts*, 44 S.W.3d at 403. Here, VHPA purposefully availed itself of the benefits of conducting business in Missouri by applying for a tax identification number and sales/use tax-exempt status in Missouri. VHPA's purposeful availment of benefits coupled with its substantial contact with Missouri support the conclusion that subjecting it to the jurisdiction of Missouri's courts does not offend traditional notions of fair play and substantial justice.

VHPA argues that the trial court lacked personal jurisdiction because the only manner in which the trial court could have obtained personal jurisdiction over it was pursuant to Missouri's long-arm statute, section 506.500, RSMo 2000. VHPA contends that none of its contacts with Missouri satisfy the long-arm statute. This argument need not be addressed because the trial court's general jurisdiction over VHPA has been established. As VHPA correctly notes in its brief, personal jurisdiction over a foreign corporation may be obtained by asserting either general or specific jurisdiction.[4] Here, because the trial court had general jurisdiction over VHPA, determining whether it also had specific jurisdiction is unnecessary.

Mr. Wineteer's pleadings and affidavit alleged general jurisdiction sufficient to survive the motion to dismiss. The trial court erred in granting VHPA's motion to dismiss on the basis of lack of personal jurisdiction. For that reason, the portion of the trial court's judgment that dismissed the case for lack of personal jurisdiction is reversed. Point one is granted.

### Motion to Dismiss Converted to Motion for Summary Judgment

█ Mr. Wineteer claims in his second point that the motion to dismiss was converted to a motion for summary judgment when the trial court sustained the motion to dismiss on the ground that the "injunctive relief sought against [Mr.] Rittman is discretionary and even if granted, would not benefit [Mr. Wineteer]" because this ground required the court to consider matters outside of the pleadings. "Before a trial court may treat a motion to dismiss as one for summary judgment, when matters outside the pleadings are presented and not excluded, it must notify the parties that it is going to do so and give the parties an opportunity to present all materials pertinent to the motion for summary judgment." *Turner Eng'g, Inc. v. 149/155 Weldon Parkway, L.L.C.*, 40 S.W.3d 406, 408 (Mo.App. E.D.2001) (citing Rule 55.27(a); *Manzer v. Sanchez*, 985 S.W.2d 936, 939 (Mo.App. E.D.1999)). Generally, when a trial court acts under Rule 55.27(a), it is urged, but not required, to compel the moving party to refile the motion so that it complies with the summary judgment rule, Rule 74.04, and then order the opposing party to follow these requirements as well. *Id.* (citing *Gladis v. Rooney*, 999 S.W.2d 288, 289 (Mo.App. E.D.1999)).

█ In this case, the record does not support Mr. Wineteer's argument that the trial court chose to treat this ground of VHPA's motion to dismiss as one for summary judgment. No order notifying the parties that the pleadings and accompanying affidavits were to be reviewed as a summary judgment was ever issued. "A trial court's order will constitute a dismiss-

---

**4.** Specific jurisdiction would be asserted via the Missouri long-arm statute, section 506.500, RSMo 2000.

al, and not a summary judgment, where the record contains no evidence that the court notified the parties that it intended to review pleadings and documents as a summary judgment motion, nor that the court considered matters outside the pleadings." *Id.* at 409 (quoting *Manzer*, 985 S.W.2d at 939). The final judgment in this case states:

> Now on this 26th day of November, 2002, comes the Plaintiff, by attorney, Thomas Elliston, and Defendants appear by attorneys, R. Michael Gunn and John R. Shank:
>
> The Court proceeds to hear argument on the Motion to Dismiss filed by Defendants.
>
> IT IS HEREBY ORDERED, DECREED AND ADJUDGED THAT:
>
> 1. Defendants' Motion to Dismiss should be and the same is hereby sustained. The petition is hereby dismissed, with prejudice.
>
> 2. Costs assessed against the Plaintiff.

The trial court gave neither party notice that it intended to treat the motion to dismiss as a motion for summary judgment. Neither does the record reflect that the parties implicitly agreed to treat the motion as one for summary judgment. *Goe v. City of Mexico*, 64 S.W.3d 836, 838 (Mo.App. E.D.2001) (citing *Boone County v. County Employees' Ret. Fund*, 26 S.W.3d 257, 260 (Mo.App. W.D.2000)). Accordingly, this ground of VHPA's motion, as are all other grounds contained in the motion, is treated on appeal as a motion to dismiss.

The next issue considered is whether the second ground in VHPA's motion to dismiss, that the injunctive relief that Mr. Wineteer seeks against Mr. Rittman is discretionary and, even if granted, would not afford him complete relief, was sufficient for the trial court to sustain VHPA's motion to dismiss. In a footnote in its brief, VHPA claims that mandatory injunctive relief sought against Mr. Rittman would provide inadequate relief because it would not compel the other six members of the Executive Council to act in accordance with the injunction. Specifically, VHPA claims that the other six members of the Executive Council are indispensable parties to the present action pursuant to Rule 52.04 because a corporation is an artificial person created by law that can act only through its officers, directors, or agents. This issue was not raised before the trial court. Nevertheless, the issue of whether a necessary or indispensable party under Rule 52.04 has not been joined is a fundamental and jurisdictional issue that can be raised for the first time on appeal. Rule 55.27(g)(2); *Wheeler v. McDonnell Douglas Corp.*, 999 S.W.2d 279, 283–84 (Mo.App. E.D.1999) (citing Rule 55.27(g)(2); *Obaidullah v. Kabir*, 882 S.W.2d 229, 230–31 (Mo.App. 1994)).

VHPA's argument that each member of the Executive Council must be joined as a party to the action in order to enforce any mandatory injunctive order against Mr. Rittman is without merit. Mr. Wineteer seeks injunctive relief against VHPA as well as Mr. Rittman. The trial court has jurisdiction over VHPA. VHPA, a Kansas not-for-profit corporation doing business in Missouri, can be compelled to comply with Kansas law regarding the amendment and repeal of its bylaws without Mr. Wineteer having to join and serve each member of the Executive Council. The trial court erred in sustaining the motion to dismiss on the basis "that the relief Mr. Wineteer seeks against Mr. Rittman is discretionary and, even if granted, will not benefit Mr. Wineteer." Point two is granted.

For the reasons stated in the opinion, the trial court's judgment sustaining VHPA's motion to dismiss with prejudice

is reversed, and the case remanded with directions to set aside its judgment of dismissal.

JAMES M. SMART, JR., P.J., and LISA WHITE HARDWICK, J., concur.