Richard HOOVER, Individually, and as Class Representative, Appellant,

v.

MERCY HEALTH d/b/a Mercy Health System; Mercy Hospitals East Communities, d/b/a St. John's Mercy Medical Center and/or St. John's Mercy Health System; and St. John's Mercy Medical Center, d/b/a Mercy Hospitals East Communities and/or St. John's Mercy Health System, Respondents.

No. SC 92788.

Supreme Court of Missouri, En Banc.

Sept. 10, 2013.

Paul J. Passanante and Anna E. Bonacorsi of Paul J. Passanante PC, St. Louis, for Appellant.

Allen D. Allred and Jeffrey R. Fink of Thompson Coburn LLP, St. Louis, for Respondents.

PER CURIAM.

Richard Hoover appeals from a judgment dismissing his individual and class action lawsuit against the defendant corporations, which own, operate or do business as St. John's Mercy Medical Center (collectively "Mercy"). Hoover asserts that the trial court erred in dismissing his petition because it sufficiently states a cause of action. The judgment is reversed, and the case is remanded.

## I. Facts and Procedure

In March 2009, Hoover underwent surgery at Mercy. Mercy billed Hoover $17,337.39 for the medical goods and services provided. Hoover paid $5,300, but otherwise disputed the bill. Mercy referred the matter to a collection agency. Hoover then filed suit against Mercy alleging that Mercy falsely and fraudulently charged him for goods and services relating to the surgery. Mercy filed a motion to dismiss asserting that Hoover sued the wrong party and failed to state a claim. Hoover filed a memorandum in opposition to Mercy's motion in which he acknowledged the contract and provided copies of original hospital bills and correspondence with Mercy's collection agency.

Hoover filed an amended petition adding Mercy Health and Mercy Hospitals East Communities as defendants and alleging that they owned, operated, and did business as St. John's Mercy Medical Center. He further alleged that all of the defendants were part of the St. John's Mercy Health System and acted as agents of one another.

Mercy filed a motion to dismiss Hoover's amended petition for failure to state a claim. Mercy argued that Hoover suffered no damages because he had not paid the full amount of the bill. Mercy also attached to the motion a copy of a contract dated March 10, 2009, signed by Hoover as

the patient, and titled "Release of Information, Assignment of Benefits, and Financial Responsibility." Finally, Mercy attached a newspaper article and a document titled "NCO Financial Systems, Inc.—Midwest Debtor Notes" that listed actions on Hoover's account from November 2009 through August 2011 and showed a $1,000 payment on June 17, 2011, and a $4,300 payment on June 24, 2011. Hoover did not file a new memorandum in opposition to the motion to dismiss the amended petition.

The trial court entered a judgment sustaining Mercy's motion to dismiss. Hoover appeals.

## II. Standard of Review

■ Hoover and Mercy dispute the applicable standard of review. Hoover asserts that this appeal is governed by the standards applicable to review of a judgment sustaining a motion to dismiss. Mercy contends that Hoover's motion to dismiss should be treated as a motion for summary judgment pursuant to Rule 55.27(a) because the trial court considered Hoover's contract, billing records, and other factual matters outside the pleadings.

Rule 55.27(a) provides:

If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 74.04. All parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 74.04.

Therefore, Rule 55.27(a) allows a trial court to treat a motion to dismiss as a motion for summary judgment if: (1) mat-

ters outside the pleadings are presented and not excluded by the trial court, and (2) the parties are given a "reasonable opportunity" to present a summary judgment record as set forth in Rule 74.04.

Hoover's response to Mercy's motion to dismiss included hospital bills and correspondence with Mercy's collection agency. Mercy's motion to dismiss Hoover's amended petition included records of Hoover's medical care, the contract, billing records, and a newspaper article. Thus, the parties submitted "matters outside the pleadings." This Court will not presume that the trial court excluded or considered the matters presented outside the pleadings without reference to the trial court's ruling on the motion.

■ "Before a trial court may treat a motion to dismiss as one for summary judgment, when matters outside the pleadings are presented and not excluded, it must notify the parties that it is going to do so and give the parties an opportunity to present all materials pertinent to the motion for summary judgment." *Turner Engineering, Inc. v. 149/155 Weldon Parkway, L.L.C.*, 40 S.W.3d 406, 408 (Mo.App. 2001) (citing Rule 55.27(a); *Manzer v. Sanchez*, 985 S.W.2d 936, 939 (Mo.App. 1999)).

The record in this case gives no indication that the parties and the trial court treated Hoover's motion to dismiss as a summary judgment proceeding. The judgment entered states only that:

Defendants' Motion to Dismiss heretofore called, argued and submitted is hereby sustained. Costs taxed against Plaintiff.

Therefore, not only is there nothing in the record to suggest that the trial court notified the parties it would be treating the motion to dismiss as a motion for summary judgment pursuant to Rule 55.27(a), the face of the judgment also demonstrates that the trial court did not do so.

The trial court's declaration that it was granting the defendants' motion to dismiss stands as an affirmative statement that the trial court did not consider any facts outside the pleadings or decide any questions such facts might present. Accordingly, this Court is bound by that statement and may review only that decision.

### III. Claim Adequately Pleaded

■ Hoover's amended petition states a viable claim for breach of contract. Hoover alleges that Mercy double-billed him, i.e., billed him for goods and services for which he already had paid. In addition, Hoover alleges that the hospital engaged in "upcoding" in assembling his bill.[1] Hoover had no obligation to pay twice and no obligation to pay for goods or services that he did not receive. Accordingly, Hoover's amended petition states a claim for breach of contract[2] and should not have been dismissed.

---

1. Hospital bills are prepared using standard codes for the various goods and services, and the term "upcoding" refers to the "practice of billing ... for medical services or equipment designated under a code that is more expensive than what a patient actually needed or was provided." *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 638 (6th Cir.2003) (citing *Bonnie Schreiber, et al.,*

Health Care Fraud, *39 Am.Crim. L.Rev. 707, 750 n. 331 (2002))*.

2. Such claims typically arise as a defense to an effort by the other party to the contract to collect more than it is owed. However, there is no reason why Hoover cannot raise this claim offensively either to recover damages (if any) or in pursuit of a declaratory judgment over what is rightfully owed.

Having determined that the petition states a claim, it is unnecessary to decide what other theories can be supported by the facts pleaded by Hoover. The trial court will be in the best position to consider such matters as the case progresses and whether further amendments to the petition to raise other claims should be permitted.

### IV. Conclusion

The judgment is reversed, and the case is remanded.

All concur.