

# In the Missouri Court of Appeals
# Eastern District

### DIVISION ONE

| | | |
|---|---|---|
| ARNOLD CROSSROADS, LLC, | ) | ED102287 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of Jefferson County |
| vs. | ) | |
| | ) | Honorable Gary Kramer |
| GANDER MOUNTAIN COMPANY, | ) | |
| | ) | |
| Respondent. | ) | FILED: October 6, 2015 |

Arnold Crossroads, LLC ("Appellant") appeals from the trial court's dismissal with prejudice of Appellant's claim against Gander Mountain Co. ("Respondent") for failure to pay rent under a lease agreement.  We reverse and remand.

### I.  Background

Appellant owns a shopping center in Jefferson County, and this dispute arose over Respondent's failure to pay rent under a lease agreement ("the Lease") dated January 29, 2008. The disputed portion of the Lease contains a Termination Provision giving Respondent the right to terminate the lease if any of the several conditions listed were not satisfied.  If Respondent was not satisfied the conditions had been met, it was required to exercise its right to terminate no later than five days after the applicable contingency date.

The original contingency date in the Lease was June 1, 2008.  A series of emails between attorneys for Appellant and Respondent purportedly extended the applicable contingency date,

although no specific new date was ever selected. Ultimately, before a new date was selected, Respondent attempted to terminate the Lease and its obligations arising from it.

Appellant then brought suit against Respondent on February 24, 2009, in Jefferson County. After several rejected attempts by Respondent to remove the case to federal court, Respondent filed a motion for summary judgment on November 20, 2012, arguing it had terminated the Lease. On February 8, 2013, the trial court denied Respondent's motion for summary judgment citing remaining issues of controverted fact.

Then, on May 24, 2013, Respondent filed a "Motion for Pre-Trial Ruling on Two Contract Interpretation Issues" and a "Motion for Judgment for Failure to State a Claim," along with several motions *in limine*. On October 20, 2014, the trial court entered a Final Order and Judgment stating that Respondent's "Motion for Pre-Trial Ruling on Two Contract Interpretation Issues" was sustained, and holding: "The court finds that the primary contingency date was extended, that [Respondent] terminated the lease before the primary contingency date, and there was no breach of contract as a result. [The] court finds no material issues of fact exist." The court then dismissed Appellant's claim with prejudice. This appeal follows.

## II. Discussion

Appellant's sole point on appeal alleges the trial court erred in dismissing Appellant's claim because its petition had stated a claim for relief and dismissal based on Respondent's Motion for Pre-Trial Rulings on Contract Interpretation Issues was improper. Appellant argues no basis for dismissal existed and the case should be remanded for a trial on the merits.

Standard of Review

The parties here dispute the applicable standard of review. Generally, we review a trial court's granting of a motion to dismiss *de novo*, reviewing the petition "in an almost academic

2

manner to determine if the plaintiff has alleged facts that meet the elements of a recognized

cause of action . . . ." Conway v. CitiMortgage, Inc., 438 S.W.3d 410, 413 (Mo. banc 2014).

Respondent alleges the trial court's rulings and its use of the language "no material issues

of fact exist" point toward the standard for summary judgment.[1] Rule 55.27(a) provides:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the
> pleading to state a claim upon which relief can be granted, matters outside the
> pleadings are presented to and not excluded by the court, the motion shall be
> treated as one for summary judgment and disposed of as provided in Rule 74.04.
> All parties shall be given reasonable opportunity to present all materials made
> pertinent to such a motion by Rule 74.04.

However, "'[b]efore a trial court may treat a motion to dismiss as one for summary

judgment, when matters outside the pleadings are presented and not excluded, it must

notify the parties that it is going to do so and give the parties an opportunity to present all

materials pertinent to the motion for summary judgment.'" Hoover v. Mercy Health, 408

S.W.3d 140, 142 (Mo. banc 2013) (quoting Turner Engineering, Inc. v. 149/155 Weldon

Parkway, L.L.C., 40 S.W.3d 406, 408 (Mo. App. E.D. 2001)).

While it is true, as Respondent argues, that the trial court had the discretion to

reconsider its prior summary judgment decision before final judgment, it did not do so

here. Duvall v. Tawney, 323 S.W.3d 804, 807 (Mo. App. E.D. 2010). While the trial

court's judgment does use language similar to the standard for summary judgment ("court

finds no material issues of fact exist"), it explicitly says, "The court dismisses

[Appellant's] claim with prejudice." Therefore, we will apply the standard for reviewing

a motion to dismiss, which is *de novo*. Conway, 438 S.W. at 410.

Analysis

---

[1] Respondent also claims we should only apply plain error review, arguing Appellant's brief is defective in violation of Rule 84.04. We disagree. Appellant's brief conforms with the requirements of Rule 84.04.

3

"A lease in Missouri acts as both a conveyance and a contract, and a damaged party has available the usual contract remedies in the event a provision of a lease is breached . . . ." G&J Holdings, LLC v. SM Props., LP, 391 S.W.3d 895, 900-01 (Mo. App. E.D. 2013) (internal quotations omitted). A prima facie case for breach requires: establishment of a valid lease, mutual obligations from that lease, lack of performance from the breaching party, and damage to the non-breaching party. Id.

Appellant's petition alleges the parties entered into the Lease on January 29, 2008, with Respondent owing payment to Appellant on the first business day of each month. Appellant claims it has received no rent payments from Respondent. Respondent does not dispute the existence of the lease, nor that it has failed to tender payment to Appellant. This is a clear example of a properly pled breach of contract claim: the Lease set forth obligations for both parties, Respondent failed to meet its obligation by not paying rent, and Appellant was harmed from that failure to pay.

Respondent argues the Court should not treat this as a motion to dismiss as the trial court allegedly ruled substantively on issues of law and granted what amounts to the equivalent of summary judgment in favor of Respondent. While we agree the trial court would have been within its discretion if it had in fact reconsidered its ruling on Respondent's summary judgment motion, we find that is not what happened here. The trial court explicitly dismissed Appellant's case with prejudice. "The trial court's declaration that it was granting the defendants' motion to dismiss stands as an affirmative statement that the trial court did not consider any facts outside the pleadings or decide any questions such facts might present. Accordingly, this Court is bound by that statement and may review only that decision." Hoover, 408 S.W.3d at 142.

4

As Appellant clearly pled a prima facie case of breach of contract, we find the trial court erred in dismissing Appellant's claim.  Appellant's sole point on appeal is granted.

### III.  Conclusion

The judgment of the trial court is reversed and we remand for further proceedings consistent with this opinion.

_____

ROY L. RICHTER, Judge

Robert G. Dowd, Jr., P.J., concurs.
Mary K. Hoff, J., concurs.