**Larry R. and Trudi B. SHOUSE,**
**Appellants,**

v.

**RFB CONSTRUCTION COMPANY,**
**INC., Respondent,**

**No. WD 56536.**

Missouri Court of Appeals,
Western District.

Nov. 30, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 1, 2000.

James Brandenburg, St. Louis, for Appellant.

Michael Childs, Lana Torczon, Gov. Counsel, Kansas City, Paul Hasty, Overland Park, for Respondent.

Before ALBERT A. RIEDERER, Presiding Judge, JAMES M. SMART, Jr., Judge, and JOSEPH M. ELLIS, Judge.

ALBERT A. RIEDERER, Presiding Judge.

This case involves an auto accident that Appellants allege was caused, in part, by the negligence of defendant RFB Construction, Co., Inc. The circuit court dismissed the suit on the pleadings for lack of personal jurisdiction over RFB. Finding that the petition can be broadly construed to allege that RFB conducts substantial business in the State of Missouri, we reverse and remand.

## Factual & Procedural Background

Larry Shouse ("Appellant" or "Shouse") is a Kansas resident. RFB Construction Co., Inc. ("Respondent" or "RFB") is a Kansas corporation whose sole office is located in Farlington, Kansas. RFB is licensed to do business in Missouri and retains a Union, Missouri law firm as its registered agent in this state.

On the evening of April 23, 1997, a flatbed truck owned by RFB and driven by an agent of RFB ran out of gasoline and came to a complete rest in a southbound lane of State Line Road. The truck was on the west, or Kansas, side of State Line Road where the road separates Leawood, Kansas and Kansas City, Missouri. Shouse was driving his vehicle southbound on that road when it collided with the rear end of the stalled truck. Shouse claims to have sustained several serious and permanent injuries as a direct result of the collision.

On November 22, 1997, Larry Shouse and his wife Trudi Shouse filed a petition in the Circuit Court of Jackson County alleging negligence against three parties: RFB, Boatmen's National Bank and the City of Kansas City, Missouri. The petition, as amended, claimed that the accident resulted from RFB's carelessness and negligence and that RFB "is a corporation which is a resident of the State of Kansas which conducts business in the State of Missouri, maintains a registered agent for service of process in the State of Missouri, and is subject to personal jurisdiction in the State of Missouri." On December 8, 1997, a summons was served on RFB's registered agent in Missouri.

On January 7, 1998, RFB responded by filing a Motion to Dismiss for Lack of Personal Jurisdiction. Therein, RFB claimed: (1) the accident occurred in Kansas, not Missouri; (2) at the time of the accident, RFB was not conducting any business activities in Missouri and was not under any contracts to do so; (3) the accident did not "arise" out of RFB's construction business as required under the long arm statute; (4) Shouse failed to satisfy

the due process requirement for the exercise of personal jurisdiction in that his petition does not allege that RFB's business transactions in Missouri have any relation to the accident in question.

In a March 3, 1998 order, the court granted RFB's motion to dismiss. Shouse then voluntarily dismissed his cause of action without prejudice as to the other two defendants. On December 11, 1998, the court issued a judgment dismissing without prejudice all claims, counterclaims and third-party claims. This appeal ensued.

Shouse contends that the judgment appealed from was a dismissal on the pleadings. RFB contends it was a summary judgment and not a dismissal on the pleadings. The trial court ordered a hearing for February 26, 1998 "[u]pon consideration of Defendant RFB Construction Company's Motion to Dismiss for Lack of Personal Jurisdiction filed January 7, 1998, and for good cause shown." The order also stated, "[t]he Court requires parties to show proof of the state boundary between Kansas and Missouri at the accident scene before it can rule on the Defendant's Motion." Subsequent to that hearing, the court issued its March 3, 1998 order, which read as follows:

### ORDER

This matter came before the Court for Hearing on February 26, 1998, pursuant to Court order. All parties were represented by counsel. Upon consideration of Defendant RFB Construction Company's Motion to Dismiss for Lack of Personal Jurisdiction, filed January 7, 1998, and for good cause shown;

IT IS HEREBY ORDERED that Defendant's Motion is granted. The Court finds that it does not have jurisdiction over the Defendant RFB. RFB is consequently dismissed from this case. Costs assessed against the Plaintiff."

■ Under Rule 55.27, Missouri Rules of Civil Procedure, a motion to dismiss is to be treated as one for summary judgment when information outside the pleadings is presented to and not excluded by the court. *Baker v. Biancavilla*, 961 S.W.2d 123, 125 (Mo.App.1998). In its appellate brief, RFB argues that "the trial court clearly considered matters outside the pleadings, including but not limited to: a police report; an affidavit from [RFB's] president Rick Beachner; and an affidavit from Kenneth H. Kerr regarding the location of the state line at the accident scene." When a motion to dismiss for lack of personal jurisdiction is made on a matter not appearing on the record, the trial court may hear it on affidavits presented by the parties, or the court may direct that the matter be heard wholly or partly on oral testimony or deposition. *Chromalloy American Corp. v. Elyria Foundry Co.*, 955 S.W.2d 1, 4 (Mo.1997) (quoting, *Quelle Quiche v. Roland Glass Foods*, 926 S.W.2d 211, 213 (Mo.App.1996)). The trial court therefore heard the motion to dismiss on affidavits. Nevertheless, in order to treat a motion to dismiss as one for summary judgment, the trial court must first notify the parties that it is going to do so, and it must provide all parties a reasonable opportunity to present all materials made pertinent to a motion for summary judgment. *Crede v. City of Oak Grove*, 979 S.W.2d 529, 532 (Mo.App.1998) (citing, *Baker v. Biancavilla*, 961 S.W.2d 123, 125–26 (Mo.App.1998)). In the case at bar, the circuit court never indicated to the parties that it intended to treat Respondent's motion to dismiss as a motion for summary judgment, and the parties were not provided a reasonable opportunity to present all materials pertinent to a motion for summary judgment. Therefore, we shall treat the court's judgment as one of dismissal on the pleadings, not summary judgment.

### Standard of Review

■ "When reviewing the grant of a motion to dismiss a petition, all facts alleged in the petition are deemed true and the plaintiff is given the benefit of every reasonable intendment." *Magee v. Blue Ridge Professional Bldg.*, 821 S.W.2d 839,

842 (Mo. banc 1991). Since the trial court did not state its reasons for granting the motion to dismiss, we presume dismissal was based upon one of the grounds presented, and will affirm the dismissal if any ground can sustain the court's action. *Wenthe v. Willis Corroon Corp.*, 932 S.W.2d 791, 793–94 (Mo.App.1996).

## Discussion

In his first point, Appellant argues that "by designating an agent for receipt of service of process in Missouri, RFB has consented to the jurisdiction of Missouri courts for any cause of action, whether or not arising out of activities within the state of Missouri." Our Supreme Court declined to reach this issue in *K–Mart Corp. v. Holliger*, 986 S.W.2d 165 (Mo.1999). We do not reach this issue here, because we find Appellant's second point on appeal dispositive.

In his second point, Appellant claims the trial court erred in granting the motion to dismiss because Missouri courts have general personal jurisdiction over RFB in that RFB is a corporation that conducts business in Missouri. Appellant further claims that physical presence in a jurisdiction provides a basis for asserting personal jurisdiction over a party, citing *Pennoyer v. Neff*, 95 U.S. 714, 24 L.Ed. 565 (1877), and *Knowlton v. Allied Van Lines*, 900 F.2d 1196 (8th Cir.1990). Appellant contends that a corporation's presence in a jurisdiction is shown by the corporation transacting a substantial part of its usual and ordinary business in the state, citing *Collar v. Peninsular Gas Co.*, 295 S.W.2d 88 (Mo.1956) and *Ponder v. Aamco Automatic Transmission, Inc.*, 536 S.W.2d 888 (Mo.App.1976). Here, Appellant argues that there is no evidence that RFB was transacting a substantial part of its usual and ordinary business in the state, but that this is merely because the case was dismissed before any discovery could be conducted that would show this to be the case.

 For personal jurisdiction to exist, due process requires a defendant to have certain minimum contacts with the forum such that the suit does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). Minimum contacts may be the basis for either "general" or "specific" jurisdiction. *Davis v. Baylor University*, 976 S.W.2d 5, 7 (Mo.App.1998). Specific jurisdiction over the defendant is exercised when a state asserts personal jurisdiction over a nonresident defendant in a suit "arising out of or related to" the defendant's contacts with the forum. *Id.* "When, on the other hand, a state exercises personal jurisdiction over a nonresident defendant in a suit not arising out of or related to the defendant's contacts with the forum, the state is exercising general jurisdiction over the defendant." *Id.* Under general personal jurisdiction, the nonresident defendant's contacts with the forum must be "substantial and continuous." *Id.* Missouri cases have consistently held that a foreign corporation present and conducting substantial business in Missouri is subject to the jurisdiction of the state's courts. *K–Mart Corp.*, 986 S.W.2d at 167. Therefore, the issue for us to decide is whether Appellant's petition set forth facts which, if given their broadest intendment, are sufficient to infer that Respondent conducts substantial business in Missouri.

 Concerning the extent of Respondent's business activities in Missouri, Appellant claimed in his amended petition that Respondent is a resident of Kansas and "conducts business" in Missouri. As used in this context, "to conduct" means, "to direct or take part in the operation or management of." http://www.m-w.com/cgi-bin/dictionary. "Manage" implies direct handling and maneuvering or manipulation toward a desired result. *Id.* Given its broadest intendment, Appellant's assertion that Respondent "conducts business in the State of Missouri" means that Respondent manages and directs its economic activities to earn a livelihood by handling and maneuvering those affairs toward a desired

result, and that their economic activity occurs in Missouri. "Substantial" means "not imaginary or illusory; real; considerable in quantity; significantly great." *Id.* While not a model of pleading, particularly in light of requirements of acquiring general jurisdiction over a non-resident corporation, nevertheless, this language is sufficient to withstand a motion to dismiss because it is broad enough to encompass the requirement that Respondent conducts substantial business in Missouri and therefore has "substantial and continuous" contacts with Missouri such that the trial court could exercise general personal jurisdiction. Of course, the parties have the right to conduct discovery to demonstrate whether RFB has such substantial business or contacts. However, here we are limited to deciding whether the pleadings are sufficient to survive a motion to dismiss, and we conclude that they are.

Appellants argue that their assertion in the pleadings that RFB conducted business in Missouri was never denied or refuted. We disagree. Respondent correctly points out that it never filed an answer because under Rule 55.27(a) it was not obligated to do so by virtue of the timely filing of its motion to dismiss. Moreover, RFB filed an affidavit in support of its motion to dismiss and stated, "On April 23, 1997, RFB was not conducting any construction activities in the State of Missouri, nor was it under contracts to perform any construction activities in the State of Missouri." A fair reading of the motion to dismiss and the affidavit shows that RFB denied the allegation that it conducted business in Missouri. This affidavit was properly considered by the trial court, and Respondent argues that it is the only evidence on this issue. Respondent argues, and the record confirms, that Appellants provided no contrary evidence.

■ The *Chromalloy* case noted that the standard of review of dismissals for lack of jurisdiction was concisely stated in *Quelle,* 926 S.W.2d at 213:

When a motion to dismiss for lack of personal jurisdiction is made on a matter not appearing on the record, the trial court may hear it on affidavits presented by the parties, or the court may direct that the matter be heard wholly or partly on oral testimony or deposition. When affidavits are presented, the trial court may believe or disbelieve any statements made within those affidavits. It is within the sole discretion of the trial court to make such factual determinations. [The appellate court] must affirm the trial court's ruling regarding jurisdiction if the affidavits submitted by the defendants in support of their motions to dismiss show they did not commit any act sufficient to invoke the jurisdictional provisions of the Missouri [l]ong [a]rm [s]tatute.

(citations omitted). Therefore, we must determine whether the affidavit submitted by RFB shows that it did not commit any act sufficient to invoke the jurisdiction of the courts of this state. Respondent argues that the only evidence presented to the trial court was that the "Respondent was transacting *NO* business in the state," much less a "substantial part." (emphasis in original.) However, Respondent is too generous in its reading of its own affidavit. Respondent's affidavit does not recite that it conducts no business in Missouri; it does not even recite that it does not conduct substantial business in Missouri. Rather, the affidavit recites that Respondent "was not conducting any construction activities" on the date of the accident. This is a far cry from evidence that it had "no business" in the state. Respondent may have had substantial and continuous contacts in Missouri resulting from the conduct of business in Missouri—while at the same time not conducting construction activities. The two are not mutually exclusive categories, as Respondent's argument treats them. Thus, under *Chromalloy* and *Quelle Quiche,* we conclude that the affidavit of RFB does not show that it did not commit any act sufficient to invoke the jurisdiction of the courts of this state. Re-

spondent next argues that Appellants did not produce any evidence on this issue. We fail to see what evidence could have been produced since the Appellants were not allowed discovery on the issue raised by the Respondent in its motion to dismiss.

The decision of the trial court is reversed, and we remand the case to the trial court to allow discovery on the issue of minimum contacts and to determine whether there are sufficient minimum contacts with Missouri for the court to acquire general personal jurisdiction over the Respondent.

Reversed and remanded.

All concur.