**Lori and Rick HOLLINGER,**
**Appellants,**

v.

**Timothy M. SIFERS, M.D., P.A.,**
**et al., Respondents.**

**No. WD 62378.**

Missouri Court of Appeals,
Western District.

Dec. 23, 2003.

Leland F. Dempsey, Kansas City, MO, arguing on behalf of Appellant.

Kelly Ann Ricke, Overland Park, KS, arguing on behalf of Respondent.

David Phillip Madden, Jason Harris Klein, Overland Park, KS, join on the briefs for Respondent.

Before JAMES M. SMART, JR., P.J., ROBERT G. ULRICH, and LISA WHITE HARDWICK, JJ.

JAMES M. SMART, JR., Judge.

Appellants Lori and Rick Hollinger appeal the trial court's dismissal of their cause of action against Timothy M. Sifers, M.D., and Timothy M. Sifers, M.D., P.A., ("Defendants") for lack of personal jurisdiction. The Hollingers contend that Defendants were subject to both specific and general jurisdiction under Missouri's long-arm statute. We affirm the dismissal.

**Factual and Procedural Background**

Defendant Timothy M. Sifers, M.D., is licensed to practice medicine in the State of Kansas. He maintains a place of business in Kansas and has never been licensed to practice medicine in Missouri. Dr. Sifers' corporation, Timothy M. Sifers, M.D., P.A., is organized pursuant to the laws of Kansas. The corporation's registered agent is located in Kansas. Plaintiffs Rick and Lori Hollinger are residents of Cass County, Missouri.

In November of 2000, Dr. Sifers appeared in a televised interview on KMBC–TV, Channel 9, discussing a relatively new weight-reduction procedure known as a "duodenal switch." That interview, which

appeared on the "Health Watch" segment of the evening news broadcast, was filmed at Dr. Sifers' office in Merriam, Kansas. Plaintiff Lori Hollinger, who had been contemplating weight reduction surgery, was watching the program in her Missouri home. She understood Dr. Sifers to say in that interview that he was now performing the duodenal switch surgery in the Kansas City area. She also understood the moderator of the program to state that Dr. Sifers was the only doctor in the area performing the procedure. Shortly after seeing the interview, Lori contacted Dr. Sifers' office in Kansas to make an appointment to discuss the duodenal switch surgery. After consulting with Dr. Sifers at his Kansas office, Lori agreed to undergo the duodenal switch procedure. The surgery was performed in December 2000.

Following her surgery, Lori suffered significant complications, including severe infections that required her to be re-hospitalized on several occasions. In July 2002, the Hollingers filed a multi-count lawsuit against the Defendants in Jackson County, Missouri, alleging the following counts: deceptive merchandising practices, fraud, negligence, battery, punitive damages, and loss of consortium. The underlying basis of the suit is Lori's allegation that she learned after her surgery that Dr. Sifers had not performed the agreed-upon duodenal switch surgery at all, but instead had performed an older, riskier procedure, with greater potential for complications, and that Lori had suffered severe complications as a result. The Hollingers alleged in their petition that each Defendant "was at all times transacting and conducting business within the confines of the State of Missouri including but not limited to the promotion and advertising of its medical services within the State of Missouri[.]" Service of process was obtained in Kansas under the long-arm statute, section 506.500 RSMo 2000.

The Defendants filed a motion to dismiss for lack of personal jurisdiction. In their memorandum in support, they asserted, *inter alia:* (1) that Plaintiffs' petition fails to set forth the portions of the Missouri long-arm statute on which they rely; (2) that Plaintiffs' petition fails to plead sufficient facts to establish that the cause of action arose out of activities covered by the long-arm statute; and (3) that Defendants had insufficient minimum contacts with Missouri to satisfy due process requirements. In an attached affidavit, Dr. Sifers averred, *inter alia,* that he did not advertise in Missouri at the time of the incidents alleged by the Hollingers; that the television station contacted him for the Health Watch interview; that he understood the appearance to be an informational interview and not a means of advertising or soliciting patients; that the television station filmed the interview with him at his Kansas office; that Lori Hollinger contacted him at his Kansas office to discuss the surgery; and that her surgery was performed in Kansas.

The trial court heard arguments on the motion to dismiss for lack of personal jurisdiction. In December 2002, the court granted Defendants' amended motion, stating: "The court determines that the defendants' contacts with the State of Missouri are not sufficient to satisfy due process requirements."

Plaintiffs appeal.

### Long–Arm Jurisdiction

The Hollingers argue that the trial court erred in dismissing the case for lack of personal jurisdiction because the facts show that the Defendants' contacts with Missouri are sufficient to satisfy due process requirements for both specific and general personal jurisdiction under Missouri's long-arm statute.

"When reviewing the grant of a motion to dismiss a petition, all facts alleged in the petition are deemed true and the plaintiff is given the benefit of every reasonable intendment." *Shouse v. RFB Constr. Co.,* 10 S.W.3d 189, 192 (Mo.App.1999). When the issue of lack of personal jurisdiction is raised, the burden shifts to the plaintiff to make a *prima facie* showing that the trial court may exercise personal jurisdiction over the defendant. *Conway v. Royalite Plastics, Ltd.,* 12 S.W.3d 314, 318 (Mo. banc 2000). The sufficiency of the evidence to make such a *prima facie* showing is a question of law, which this court reviews independently on appeal. *Sloan–Roberts v. Morse Chevrolet, Inc.,* 44 S.W.3d 402, 406 (Mo.App.2001).

A trial court may hear a motion for lack of personal jurisdiction on affidavits, on oral testimony or on depositions and may disbelieve any factual statements. *Id.* But "its inquiry is limited to an examination of the petition on its face and the supporting affidavits and depositions; it may not consider the merits of the underlying action." *Id.* Likewise, this court is limited to deciding whether the pleadings are sufficient to survive the motion to dismiss. *Shouse,* 10 S.W.3d at 194.

■ In order for a non-resident defendant to be subject to the long-arm jurisdiction of this state, two elements must be present: First, the suit must arise out of one of the activities enumerated in Missouri's long-arm statute; and second, the defendant must have sufficient minimum contacts with Missouri to satisfy due process requirements. *Chromalloy Am. Corp. v. Elyria Foundry Co.,* 955 S.W.2d 1, 4 (Mo. banc 1997). When a defendant raises the issue of lack of personal jurisdiction, the burden shifts to the plaintiff to make a *prima facie* showing that those two elements exist. *Conway,* 12 S.W.3d at 318.

Here, the trial court granted the motion to dismiss for lack of personal jurisdiction based on the second required element: a lack of sufficient minimum contacts. A dismissal will be affirmed if it can be sustained on any ground supported by the motion to dismiss, regardless of whether the trial court relied on that ground. *Shouse,* 10 S.W.3d at 193. With that in mind, we turn first to the issue of whether the court had personal jurisdiction under the long-arm statute.

■ Missouri's long-arm statute provides in relevant part:

Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation ... to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:

(1) The transaction of any business within this state;

. . . .

(3) The commission of a tortious act *within this state*[.]

§ 506.500.1, RSMo 2000 (emphasis added). The General Assembly's intent in passing the long-arm statute "was to extend the jurisdiction of the courts of this state over nonresident defendants to the extent permissible under the due process clause of the fourteenth amendment of the constitution of the United States." *State ex rel. K–Mart Corp. v. Holliger,* 986 S.W.2d 165, 167–68 (Mo. banc 1999) (*quoting State ex rel. Deere and Co. v. Pinnell,* 454 S.W.2d 889, 892 (Mo. banc.1970)).

The Hollingers asserted in their suggestions in opposition to the motion to dismiss that they alleged facts sufficient to establish that their cause of action arose out of activities covered by the long-arm statute.

They argued to the trial court: (1) that the Defendants committed "a tortious act" within the State of Missouri by fraudulently representing to Missouri residents, including Lori Hollinger, that they perform the "duodenal switch" surgery; and (2) that by their advertising practices, the Defendants "transacted business" within the State of Missouri. The Plaintiffs also set forth uncontroverted facts to demonstrate that the Defendants maintained sufficient contacts with the State to satisfy due process requirements for jurisdiction over a non-resident of the State. In this appeal, the Hollingers appear to have dropped their argument with regard to the transaction of business and rely solely on the Defendants' commission of the tortious act. We therefore treat the "transaction of business" argument as abandoned and address only Plaintiffs' "tortious act" argument.

■ In order to rely upon the "tortious act" provision of the long-arm statute, the Plaintiffs were required to show that the Defendants committed a tort in Missouri and that the action caused the Plaintiffs' injuries. *See Garrity v. A.I. Processors*, 850 S.W.2d 413, 417 (Mo.App.1993) *(quoting Bennett v. Rapid Am. Corp.*, 816 S.W.2d 677, 678 (Mo. banc 1991)). The Hollingers' petition alleged, *inter alia*, that during a televised interview, the Defendants misrepresented to Lori and to other Missouri residents that Dr. Sifers was performing the duodenal switch weight loss surgery when in fact he was not performing the procedure; that the Defendants did so to generate business by inducing members of the public (including Lori) to

have the procedure performed by Dr. Sifers; that Lori contacted Dr. Sifers' office to discuss the duodenal switch surgery as a result of having seen the interview while in her Missouri home; that in consultation with Lori, Dr. Sifers represented that he would perform the duodenal switch upon her and Lori consented and agreed to undergo the duodenal switch surgery; that Dr. Sifers did not perform the duodenal switch upon Lori, but rather he performed a much older weight reduction procedure; and that as a result of Dr. Sifers' misrepresentations and fraud, Lori was injured and damaged. With their suggestions in opposition, the Hollingers submitted excerpts from Dr. Sifers' deposition, taken in November of 2002. In that deposition, Dr. Sifers once referred to his appearance on Health Watch as a "TV ad," but later sought to correct that to "TV interview" after reviewing the deposition. Also, in that deposition, the Hollingers' attorney asked Dr. Sifers if he had "ever performed a duodenal switch," to which the doctor answered "No."

■ To demonstrate that a cause of action "arose out of" an activity covered by the long-arm statute, "a plaintiff must make a *prima facie* showing of the validity of its claim." *Conway*, 12 S.W.3d at 318. The Plaintiffs did not need to prove all of the elements that form the basis of their claim,[1] only "that acts contemplated by the statute took place" within the state. *Id.* Here, Plaintiffs may have made a *prima facie* showing that Defendants fraudulently misrepresented that Dr. Sifers would perform a duodenal switch procedure on Lori and then did not do so. However, for the

1. The elements necessary to prove a fraudulent misrepresentation claim are:
   a representation; its falsity; its materiality; the speaker's knowledge of its falsity; his intent that it be acted on by the hearer and in the manner reasonably contemplated; the hearer's ignorance of its falsity; his reliance on its truth; his right to rely thereon; and his consequent and proximate injury.
   *Joel Bianco Kawasaki Plus v. Meramec Valley Bank*, 81 S.W.3d 528, 536 (Mo. banc 2002).

reasons detailed below, we conclude they have not shown that the tortious act of fraudulent misrepresentation took place within the State of Missouri.

■ Where a non-resident defendant is engaged in providing a service, as opposed to providing a product through the stream of commerce, the contact requirements for long-arm jurisdiction are more stringent. *See State ex rel. Barnes v. Gerhard,* 834 S.W.2d 902, 903 (Mo.App.1992). Dr. Sifers is licensed only in Kansas, maintains his office only in Kansas, and treats patients only in Kansas. Assuming for the purpose of the jurisdictional issue that Dr. Sifers misrepresented facts concerning his experience with the duodenal switch, Dr. Sifers' act of appearing on the televised interview is simply too attenuated to act as a basis for jurisdiction under this provision of Missouri's long-arm statute. *See Morse,* 44 S.W.3d at 408 ("Random, fortuitous or attenuated contacts with the forum state cannot create jurisdiction.").

While the interview, which was shown in Missouri, acquainted Lori with Dr. Sifers and with his claimed expertise, the interview, standing alone, did not create Lori's agreement to have the procedure done. Indeed, it is clear that the interview merely motivated her to go to his office to discuss the possibility of having the procedure. It was not until she personally interviewed Dr. Sifers at his office and discussed the matter that she agreed to the procedure and placed reliance on his representations.

■ "The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum state." *Conway,* 12 S.W.3d at 319. All discussions of the proposed procedure and all business and treatment between Dr. Sifers and Lori Hollinger took place in the State of Kansas. The agreement between Lori and Dr. Sifers for the surgery was reached at Dr. Sifers' Kansas office, and the surgery in question was performed in Kansas. Dr. Sifers' alleged fraudulent representation that he would perform the duodenal switch surgery on Lori Hollinger was not made in Missouri. The agreement and consent to treatment were not reached in Missouri, and the alleged wrong that damaged Lori (the surgery for the older procedure) did not occur in Missouri. The commission of the alleged tort, therefore, did not occur "within the State of Missouri," and the long-arm statute cannot extend Missouri's personal jurisdiction to these Defendants. *See Garrity,* 850 S.W.2d at 418 (where a contract was not made in Missouri and the wrong that damaged the plaintiff did not occur in Missouri, the alleged tort of "conspiracy to cause breach of contract" could not have been committed in Missouri; thus, the long-arm "tort" provision did not apply).

## Conclusion

There was no *prima facie* showing that the alleged wrongful actions of Defendants were committed *within the State of Missouri.* For that reason, it is unnecessary to examine Plaintiffs' arguments with regard to sufficient minimum contacts. The judgment is affirmed.

ULRICH and HARDWICK, JJ., concur.