Joel D. **FULTON** and Angela D. Fulton, Plaintiffs–Appellants,

v.

THE **BUNKER EXTREME, INC.** d/b/a D–Day Adventure Park, and The Bunker, Inc. d/b/a D–Day Adventure Park and Dewayne A. Convirs, Defendants–Respondents.

No. SD 30613.

Missouri Court of Appeals, Southern District, Division Two.

June 17, 2011.

Aaron W. Smith, Columbia, MO, for Appellants.

John A. Nicholas, Carthage, MO, for Respondents.

JEFFREY W. BATES, Judge.

Joel and Angela Fulton (the Fultons) appeal from a judgment dismissing their

lawsuit without prejudice based upon the lack of personal jurisdiction over defendants The Bunker Extreme, Inc. d/b/a D–Day Adventure Park (Bunker Extreme); The Bunker, Inc. d/b/a D–Day Adventure Park (Bunker); and Dewayne Convirs (Convirs). We reverse the judgment and remand the case for further proceedings.

In January 2010, the Fultons filed a petition for damages against Bunker Extreme, Bunker and Convirs in the Circuit Court of Jasper County, Missouri. In relevant part, the first amended petition contained the following allegations:

1. Convirs is an individual residing in Oklahoma.

2. Bunker Extreme and Bunker are Oklahoma corporations in good standing.

3. Convirs is the registered agent for Bunker Extreme and Bunker.

4. Joel Fulton was injured when he was struck by a vehicle at a bike and jeep rally hosted by all three defendants on their premises in Ottawa County, Oklahoma.

5. The Fultons were seeking damages for personal injury and loss of consortium against these three defendants for tortious acts committed in Oklahoma.

6. The Fultons' injuries and damages were proximately caused by the negligence of all three defendants.

7. All three defendants were subject to personal jurisdiction in Missouri based upon § 506.500.1–.3 (the Missouri long-arm statute).[1]

8. Alternatively, the petition alleged that "the non-resident Defendants conduct substantial business in the state of Missouri, market and sell their products in the state of Missouri, and direct their activities toward the residents of the State of Missouri."

The circuit clerk issued summons for personal service outside the state of Missouri pursuant to the long-arm statute. The trial court initially entered an order authorizing Keith Spencer to serve the summons as a special process server. Spencer filed non est returns on all three summons stating that he was unable to locate the defendants.

The trial court then appointed Seneca, Missouri Police Chief Doyle Shields as a special process server. On February 2, 2010, Shields personally served Convirs in Seneca with a summons for himself, Bunker Extreme and Bunker. The summons for the corporate defendants stated that service was being made upon Convirs as their registered agent.

In mid-February 2010, motions to dismiss were filed by Convirs, Bunker Extreme and Bunker. Each motion asserted that the Missouri court lacked personal jurisdiction over the defendant pursuant to Missouri's long-arm statute.

In May 2010, the trial court held a hearing on the motions to dismiss. The Fultons' counsel disclaimed any reliance on the long-arm statute as the basis for asserting personal jurisdiction over the Oklahoma defendants. Instead, counsel argued that: (1) the court had general personal jurisdiction over Convirs because he was served within the state; and (2) the court had general personal jurisdiction over Bunker Extreme and Bunker because Convirs, in his capacity as their registered agent, was served in Missouri and both corporations conducted substantial busi-

---

1. All references to statutes are to RSMo (2000). All references to rules are to Missouri Court Rules (2010).

ness within the state. The trial court examined the returns of service in the file on the Oklahoma defendants, and defense counsel conceded that Convirs was personally served in Missouri. Nevertheless, defense counsel argued that the Oklahoma defendants lacked sufficient minimum contacts with Missouri for the court to exercise personal jurisdiction over them.

In June 2010, the trial court dismissed the case against Bunker Extreme, Bunker and Convirs without prejudice for lack of personal jurisdiction. The court concluded that the Fultons had "failed to sustain their burden to demonstrate the requisite minimum contacts and activities engaged in by these non-resident Defendants to justify the assertion of personal jurisdiction over them." This appeal followed.

■ Because the Oklahoma defendants contested personal jurisdiction via a motion to dismiss, the Fultons bore the burden of establishing that the defendants' contacts with Missouri were sufficient. *Peoples Bank v. Frazee*, 318 S.W.3d 121, 126 (Mo. banc 2010). A court must consider whether the allegations in the petition, if taken as true, establish facts adequate to invoke personal jurisdiction. *See Bryant v. Smith Interior Design Group, Inc.*, 310 S.W.3d 227, 230–31 (Mo. banc 2010). The allegations of the petition must be given an intendment most favorable to the existence of the jurisdictional fact. *Id.* at 231; *Moore v. Christian Fidelity Life Ins. Co.*, 687 S.W.2d 210, 211 (Mo.App.1984). The court also must consider any proper affidavits that are filed in connection with the motion to dismiss. *Bryant*, 310 S.W.3d at 231.[2] Whether the Fultons made a prima facie showing that the trial court could exercise personal jurisdiction over the

Oklahoma defendants is a question of law that we review de novo. *Id.*

■ We first address the issue of whether the trial court could exercise personal jurisdiction over Convirs. Every officer to whom summons is delivered for service within the state is required to make a written return thereof by affidavit stating the time, place and manner of service. Rule 54.20(a). According to the return of service in the legal file, Convirs was personally served with his summons and a copy of the petition in Seneca, Missouri. That return was prima facie evidence of the facts recited therein. Rule 54.22(a); *Nguyen v. Wang*, 182 S.W.3d 688, 690 (Mo.App.2006). The Fultons argue that the minimum contacts analysis does not apply to an individual defendant who is personally served within the state. We agree. "As a general rule a defendant found within the territorial jurisdiction of a court is subject to that court's in personam jurisdiction." *Jenkins v. Croft*, 63 S.W.3d 710, 712 (Mo.App.2002); *see also Palmer v. Bank of Sturgeon*, 281 Mo. 72, 218 S.W. 873, 877–78 (Mo. banc 1920); *Malone v. State*, 747 S.W.2d 695, 700 (Mo.App.1988); *In re Shaw*, 449 S.W.2d 380, 382 (Mo.App. 1969). A minimum contacts analysis is required only if one of the traditional territorial bases of personal jurisdiction—such as presence within the jurisdiction at the time of service—is absent. *Bryant*, 310 S.W.3d at 232; *State ex rel. K–Mart Corp. v. Holliger*, 986 S.W.2d 165, 167 (Mo. banc 1999). The trial court erred in dismissing the Fultons' lawsuit against Convirs for lack of personal jurisdiction.

■ We next address the issue of whether the trial court could exercise per-

---

2. In addition, the court may direct that the matter be heard wholly or partly on oral testimony or depositions. *Peoples Bank*, 318 S.W.3d at 128; *Chromalloy Am. Corp. v. Ely-* *ria Foundry Co.*, 955 S.W.2d 1, 4 (Mo. banc 1997); Rule 55.28. In the case at bar, no such order was entered.

sonal jurisdiction over Bunker Extreme and Bunker. The Fultons argue that the trial court has general personal jurisdiction over these two foreign corporations. For the reasons set forth below, we agree that the Fultons made a sufficient prima facie showing of general personal jurisdiction over the corporations to survive a motion to dismiss.

■ To establish general personal jurisdiction over a foreign corporation, two elements must be met: (1) the corporation was served within this state; and (2) the foreign corporation was doing substantial business within this state. *See Wineteer v. Vietnam Helicopter Pilots Ass'n*, 121 S.W.3d 277, 282 (Mo.App.2003). Service of process may be made within this state upon a foreign corporation by delivering a copy of the summons and petition to its registered agent. Rule 54.13(b)(3). The returns of service for Bunker Extreme and Bunker state that their registered agent, Convirs, was personally served within this state. As noted above, the returns were prima facie evidence of the facts recited therein. Therefore, the Fultons met the first necessary element for establishing general personal jurisdiction over these foreign corporations. The first amended petition alleged that Bunker Extreme and Bunker "conduct substantial business in the state of Missouri, market and sell their products in the state of Missouri, and direct their activities toward the residents of the State of Missouri." No party presented the trial court with any additional information on this subject by way of affidavit or otherwise. Therefore, the only issue before us is whether this allegation, given its broadest intendment, is sufficient to survive a motion to dismiss. We hold that it is. *See Shouse v. RFB Constr. Co., Inc.*, 10 S.W.3d 189, 193–94 (Mo.App.1999). Therefore, the Fultons met the second necessary element for establishing general personal jurisdiction over these foreign corporations. The trial court erred in sustaining the motions to dismiss the Fultons' lawsuit against Bunker Extreme and Bunker for lack of personal jurisdiction.[3]

The judgment is reversed, and the cause is remanded for further proceedings.

RAHMEYER, P.J., and SCOTT, C.J., concur.

---

**3.** On remand, the parties will have the right to conduct discovery to demonstrate whether these corporations "conduct substantial business in the state of Missouri, market and sell their products in the state of Missouri, and direct their activities toward the residents of the State of Missouri" as alleged in the first amended petition. *See Shouse*, 10 S.W.3d at 194–95. "However, here we are limited to deciding whether the pleadings are sufficient to survive a motion to dismiss, and we conclude that they are." *Id.* at 194.