

# NUMBER 13-11-00288-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**FRANKIE WAYNE NEALY,**                                        **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                        **Appellee.**

---

### On appeal from the 94th District Court
### of Nueces County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Benavides, Vela, and Perkes[1]
### Memorandum Opinion by Justice Perkes

Appellant, Frankie Wayne Nealy, appeals the revocation of his deferred-adjudication probation. Appellant pleaded true to violating community-supervision conditions, but complains that the trial court: (1) failed to give

---

[1] The Honorable Rose Vela, former Justice of this Court, did not participate in this opinion because her term of office expired on December 31, 2012.

him the opportunity to present mitigating evidence during punishment; (2) should have disregarded his pleading of true to the offense of terroristic threat because it was allegedly disproven by the evidence presented; and (3) assessed an excessive and grossly disproportionate sentence. By a fourth issue, appellant claims he received ineffective assistance of counsel. We affirm.

## I. BACKGROUND

Appellant was placed on deferred-adjudication community supervision after he pleaded guilty to the offenses of aggravated kidnapping, a first-degree felony, *see* TEX. PENAL CODE ANN. § 20.04 (West 2011), and sexual assault, a second-degree felony, *see* TEX. PENAL CODE ANN. § 22.011 (West 2011). The State subsequently moved to revoke appellant's community supervision, alleging he violated several community-supervision conditions by: (1) committing an offense of "terroristic threat" against the laws of the State, *see* TEX. PENAL CODE ANN. § 22.07 (West 2011); (2) failing to pay court costs and fees; and (3) failing to abstain from using the internet. Appellant pleaded true to the alleged violations. The trial court revoked appellant's community supervision, and sentenced him to a term of life in the Texas Department of Criminal Justice, Institutional Division, for the aggravated kidnapping offense; and to a term of twenty years confinement for the sexual assault offense, to run concurrently with the life imprisonment sentence.

## II. PUNISHMENT PHASE OF REVOCATION PROCEEDING

By his first issue, appellant argues that the trial court erred by not affording him the opportunity to present mitigating evidence regarding punishment. Appellant complains

2

that the trial court did not separate the evidentiary and punishment phases of the hearing, but rather adjudicated and sentenced appellant "in one breath" without notifying him that he should shift from presenting evidence concerning violations of community-supervision conditions to mitigating factors for sentencing. No objection was made at the time of the hearing. Rather, appellant filed a motion for new trial in which he describes evidence that was not presented that would allegedly mitigate the trial court's sentence.

## A. Preservation

Preservation of error is a prerequisite to presenting a complaint for appellate review. TEX. R. APP. P. 33.1; *Moore v. State*, 371 S.W.3d 221, 225 n.4 (Tex. Crim. App. [panel op.] 2012). A complaint that the trial court erred by not providing a separate punishment hearing following revocation of deferred-adjudication probation must be preserved by making a grounded objection, which is pursued to an adverse ruling, or raising the objection in a timely motion for new trial. *See Vidaurri v. State*, 49 S.W.3d 880, 885–86 (Tex. Crim. App. 2001). In either case, the objection presented to the trial court must comport with the objection on appeal. *See Guevara v. State*, 97 S.W.3d 579, 583 (Tex. Crim. App. 2003); *Moreno Denoso v. State*, 156 S.W.3d 166, 174 (Tex. App.—Corpus Christi 2005, pet. ref'd).

## B. Discussion

In his motion for new trial, appellant states "[t]he court was not presented evidence concerning Defendant's improvement during his period of community supervision." Appellant then lists various events and activities that allegedly show he has improved.

On appeal, however, appellant clarifies that such evidence was not presented due to the fault of the trial court in failing to separate the revocation from the punishment proceeding.

We hold that appellant's objection in the motion for new trial did not appraise the trial court of the argument that he presents on appeal—that the trial court should have conducted a distinct hearing on punishment. *See* TEX. R. APP. P. 33.1 (requiring objection to be stated "with sufficient specificity to make the trial court aware of the complaint . . . ."). Since appellant's objection on appeal fails to comport with the objection he made to the trial court, he has not preserved error for review. *Guevara*, 97 S.W.3d at 583; *Moreno Denoso*, 156 S.W.3d at 174. We overrule appellant's first issue

## III. SUFFICIENCY OF THE EVIDENCE

By his second issue, appellant contends that the evidence was insufficient to support the trial court's finding that appellant violated the conditions of his community supervision. Appellant specifically challenges the sufficiency of the evidence to support the finding that he committed a terroristic threat, despite the fact that appellant pleaded true to the allegation.[2] Appellant does not challenge any of the other grounds for revoking his community supervision.

In reviewing a probation revocation, a single violation of probation is sufficient to support the trial court's decision to revoke. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); *Herrera v. State*, 951 S.W.2d 197, 199 (Tex. App.—Corpus Christi 1997, no pet.). A plea of true is sufficient to support revocation. *Moses v. State,* 590

---

[2] In its motion to revoke probation, the State alleged that appellant "committed the offense of Terroristic Threat during a phone conversation, by threatening to bomb the office of a Pay Pal employee." During the hearing to revoke probation, appellant pleaded true to this allegation. In addition, an audio recording of the telephone call was played. In that conversation, appellant became angry and asked, "Do you want a bomb placed in your building?"

4

S.W.2d 469, 470 (Tex. Crim. App. [panel op.] 1979); *Nino v. State*, No. 13-97-00930-CR, 1998 WL 34202482, at *1 (Tex. App.—Corpus Christi Aug. 20, 1998, no pet.) (not designated for publication).

On appeal, appellant challenges the sufficiency of the evidence to support the violation of the condition to not commit any offenses against the laws of the State. Appellant does not challenge any of the other community-supervision conditions to which he pleaded true. A single violation is sufficient to support revocation. *See Moore*, 605 S.W.2d at 926; *Moses*, 590 S.W.2d at 470; *see also* TEX. R. APP. P. 47.1. We overrule appellant's second issue.

### IV. PROPRIETY OF SENTENCE

Appellant argues that the life imprisonment sentence is excessive and grossly disproportionate to the offense of aggravated kidnapping. Appellant complains that the sentence constitutes cruel and unusual punishment. U. S. CONST. amend. XVIII.

Sentencing is within the sound discretion of the trial court; we therefore review the trial court's sentence under an abuse of discretion standard. *See Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984) (en banc). As a general rule, a penalty assessed within the proper punishment range will not be disturbed on appeal. *Id.* at 814. Punishment that falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. *Trevino v. State*, 174 S.W.3d 925, 928 (Tex. App.—Corpus Christi 2005, pet. ref'd) (citing *Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983) (en banc); *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Samuel v. State*, 477 S.W.2d 611, 614 (Tex. Crim. App. 1972)).

Appellant pleaded guilty to a first degree felony of aggravated kidnapping and to a second degree felony of sexual assault. The sentences imposed for these offenses fall within the range of punishment established by Legislature. *See* TEX. PENAL CODE ANN. §§ 12.32 (first degree felony – "shall be punished by imprisonment . . . for life or for any term of not more than 99 years or less than 5 years"); 12.33 (second degree felony – "shall be punished by imprisonment . . . for any term of not more than 20 years or less than 2 years"); *see also Phillips v. State*, 887 S.W.2d 267, 268–70 (Tex. App.—Beaumont 1994, writ ref'd) (defendant's sentence of ninety-nine years was not excessive; defendant pleaded guilty to a first degree felony for aggravated sexual assault, and subsequently pleaded true to violating conditions of community-supervision).

Appellant contends that although a sentence falls within the range of punishment, it may still violate the Eighth Amendment if it is grossly disproportionate to the offense committed. *See* U. S. CONST. amend. XVIII; *Solem v. Helm*, 463 U.S. 277, 291 (1983). In *Solem*, the United States Supreme Court established three factors for analyzing proportionality: (1) the gravity of the offense relative to the harshness of the penalty; (2) the sentences imposed for other crimes in the jurisdiction; and (3) the sentences imposed for the same crime in other jurisdictions. *Id.* at 292. As this court noted in *Trevino*, however, "the viability and mode of application of the proportionate analysis in non-death penalty cases has been questioned since the Supreme Court's decision in *Harmelin v. Michigan*, 501 U.S. 957, 111 S.Ct. 2680, L.Ed.2d 836 (1991)." *Trevino*, 174 S.W.3d at 928 (citing *McGruder v. Puckett*, 954 F.2d 313, 315–16 (5th Cir. 1992)); *see Sullivan v. State*, 975 S.W.2d 755, 757–58 (Tex. App.—Corpus Christi 1998, no pet.).

Assuming *arguendo* the viability of the *Solem* factors, life imprisonment is not a grossly disproportionate sentence given the gravity of the offenses for which appellant was convicted. The evidence showed that appellant intentionally threw the complainant to the ground and battered her; dragged her to his vehicle and kidnapped her; and sexually assaulted her and demanded that she perform oral sex. Appellant does not discuss the second and third *Solem* factors, and we therefore do not consider them. *See Trevino*, 174 S.W.3d at 928–29. We overrule appellant's third issue.

## V. INEFFECTIVE ASSISTANCE OF COUNSEL

By his final issue, appellant claims he received ineffective assistance of counsel. Appellant argues that his trial counsel provided constitutionally deficient performance by failing to submit mitigating evidence or argument on the issue of punishment, and by failing to object when the prosecutor referenced personal opinions of members of the probation department.

In order for appellant to succeed on this claim, he must satisfy the two prongs of *Strickland v. Washington. See* 466 U.S. 668, 687 (1984); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986) (adopting *Strickland* two-prong test). Appellant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced the defense. *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011) (citing *Strickland*, 466 U.S. at 689; *see also Moreno v. State*, 1 S.W.3d 846, 864 (Tex. App.—Corpus Christi 1999, pet. ref'd). To satisfy the first prong, appellant must prove by a preponderance of the evidence that trial counsel's performance fell below "an objective standard of reasonableness under the

7

prevailing professional norms." *Lopez*, 343 S.W.3d at 142. To satisfy the second prong, appellant must show that there is a reasonable probability, or a probability sufficient to undermine the confidence in the outcome, that but for counsel's deficient performance the result of the proceeding would have been different. *See id*.; *Moreno*, 1 S.W.3d at 864 (citing *Strickland*, 466 U.S. at 694).

Our review of counsel's performance is highly deferential; we must make a strong presumption that counsel's performance fell within the wide range of reasonably professional assistance. *Lopez*, 343 S.W.3d at 142 (citing *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006)); *Moreno*, 1 S.W.3d at 865. This means that we also "employ a strong presumption that counsel's conduct constitutes sound trial strategy." *Moreno*, 1 S.W.3d at 865 (citing *Strickland*, 466 U.S. at 689; *Miniel v. State*, 831 S.W.2d 310, 323 (Tex. Crim. App. 1992)). The record must contain evidence of counsel's reasoning, or lack thereof, to rebut that presumption. *Id.* (citing *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994)); *see also Lopez*, 343 S.W.3d at 143 (requiring a showing that no reasonable trial strategy could justify trial counsel's acts or omissions); *Ortiz v. State*, 93 S.W.3d 79, 88–89 (Tex. Crim. App. 2002) (en banc) ("If counsel's reasons for his conduct do not appear in the record and there is at least the possibility that the conduct could have been legitimate trial strategy, we will defer to counsel's decisions and deny relief on an ineffective assistance claim on direct appeal."). "When such direct evidence is not available, we will assume that counsel had a strategy if any reasonably sound strategic motivation can be imagined." *Lopez*, 343 S.W.3d at 143 (citing *Garcia v.State*, 57 .S.W.3d 436, 440 (Tex. Crim. App. 2001)).

8

First, the record shows that appellant's trial counsel offered mitigating evidence during the hearing. Appellant's counsel examined appellant and argued to the trial court that continued community supervision would be the best for appellant and society for the following reasons: appellant's violation of using the internet was done to earn money to pay the various fees that were a condition of appellant's community supervision; any alleged terroristic threat was unlikely to be acted upon given the great distance between the callers; any anger problems that appellant manifested could be helped by anger management classes; appellant had not been ordered to attend anger management classes but would agree to attend to maintain community supervision; appellant served sixty days in the county jail in addition to the original 120 days served; appellant had been attending sexual offender classes every week and never missed a report; appellant was aware that violating the conditions of probation would not be tolerated; and the State's motion to revoke was the first motion to revoke brought against appellant. Based on the foregoing presentation of mitigating considerations, we hold that counsel's representation was not so deficient as to fall below the prevailing professional norms. *See Lopez*, 343 S.W.3d at 142.

Second, counsel's isolated failure to object to improper evidence does not necessarily constitute ineffective assistance. *Ingham v. State*, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984) (en banc); *Moralez v. State*, No. 13-00-00380-CR, 2002 WL 58462, at *2 (Tex. App.—Corpus Christi Jan. 17, 2002, pet. ref'd) (mem. op., not designated for publication). The right to effective representation does not equate to errorless counsel, but to an objectively reasonable representation. *Lopez*, 343 S.W.3d

9

at 142 (citing *Strickland*, 466 U.S. at 686); *Robertson*, 187 S.W.3d at 483. That is one reason why judicial scrutiny of counsel's performance is highly deferential. *See Ingham*, 679 S.W.2d at 509. High deference is necessary when the record contains no evidence of counsel's strategy underlying whether or when to object. *See Thompson v. State*, 9 S.W.3d 808, 813–14 (Tex. Crim. App. 1999); *Garza v. State,* No. 13-11-00621-CR, 2012 WL 3525634, at *3 (Tex. App.—Corpus Christi Aug. 16, 2012, no pet.) (mem. op., not designated for publication).

The record does not include any evidence of the trial counsel's strategy. We are thus constrained to presume that the counsel's performance was effective. *See Lopez*, 343 S.W.3d at 143; *Thompson* 9 S.W.3d at 813; *see also Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (holding that in cases where the record is silent as to the trial counsel's reasoning, the appellate court should find ineffective assistance only if the challenged conduct is so outrageous that no competent attorney would have engaged in it); *Dominguez v. State*, No. 13-10-00493-CR, 2012 WL 3043072, at *8–9 (Tex. App.—Corpus Christi Jul. 26, 2012, no pet.) (mem. op., not designated for publication) (same).[3] After reviewing the record, we hold the challenged conduct is not so outrageous that no competent attorney would have engaged in it.

---

[3] As the Texas Court of Criminal Appeals noted, "[G]enerally a claim of ineffective assistance of counsel may not be addressed on direct appeal because the record on appeal is usually not sufficient to conclude that counsel's performance was deficient." *Andrews v. State*, 159 S.W.3d 98, 103 (Tex. Crim. App. 2005). Given that "[t]he reasonableness of counsel's choices often involve facts that do not appear in the appellate record," "[a] petition for writ of habeas corpus usually is the appropriate vehicle to investigate ineffective-assistance claims." *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002) (en banc). Indeed, "[i]n most ineffective[-]assistance claims, a writ of habeas corpus is essential to gathering the facts necessary to adequately evaluate such claims." *Ex parte Torres*, 943 S.W.2d 469, 475 (Tex. Crim. App. 1997); *see also Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999) ("A substantial risk of failure accompanies an appellant's claim of ineffective assistance of counsel on direct appeal. Rarely will a reviewing court be provided the opportunity to make its determination on direct appeal with a record capable of providing fair evaluation of the merits of the claim . . . .").

Even if we were to assume that trial counsel's performance was deficient, appellant fails to show that such deficiency prejudiced him.   *See Lopez*, 343 S.W.3d at 142; *Moreno*, 1 S.W.3d at 864 (citing *Strickland*, 466 U.S. at 694).   When the trial court announced the sentence, the court explained, "Well, the underlying case was extremely violent, kidnapping.   A lady that was walking to work was kidnapped, raped, it was pretty bad, beaten, and that's one of the things I must consider."   This explanation did not focus on appellant's inability to improve himself or the perception of him at the parole department; it emphasized the gravity of the underlying offense.   Appellant has failed to show that the result of the proceeding would have been different.   *See Lopez*, 343 S.W.3d at 142; *Moreno*, 1 S.W.3d at 864.

We overrule appellant's final issue.

### VI. CONCLUSION

We affirm the judgment of the trial court.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
14th day of March, 2013.

11